IKE SHANNON V. THE STATE.

*No. 932.    Decided December 1.*

ON MOTION FOR REHEARING.

1.  Jury Law—Challenge for Cause—Construction of Statute.—By subdivision 13 of article 636, Code of Criminal Procedure, it is provided, as a challenge for cause to a juror, "that from hearsay or otherwise there is established in the mind of the juror such a conclusion as to the guilt or innocence of the defendant as will influence him in his action in finding a verdict;" and it is expressly provided, that "for the purpose of ascertaining whether this cause of challenge exists, the juror shall be first asked whether, in his opinion, the conclusion so established will influence his verdict.    If he answer in the affirmative, he shall be discharged; if he answer in the negative, he shall be further examined by the court, or under its sanction, as to how his conclusion was formed and the extent to which it will affect his action; and if it appears to have been formed from reading newspaper accounts, communications, statements, or reports, or from mere rumor or hearsay, and the juror states on oath that he feels able, notwithstanding such opinion, to render an impartial verdict upon the law and the evidence, the court, if satisfied that he is impartial and will render such verdict, may, in its descretion, admit him as competent to serve in such case; but if the court,

in its discretion, is not satisfied that he is impartial, the juror shall be discharged.''
*Held:*

1. Where the juror answers that he has a conclusion as to the guilt or innocence of the accused established in his mind, this answer in the affirmative concludes the investigation—constitutes a finality of the question—and he should be discharged.

2. If the juror answers in the negative, then he may be further examined to test the matter.

3. If he answers that he has formed such opinion, but that such opinion will not influence his action in finding a verdict, then he shall be further examined to ascertain how his conclusion was formed, and the extent to which he may probably be influenced thereby, and the court will, in the exercise of its discretion, determine his competency, and if not satisfied that he is impartial—though the juror may have so sworn—will discharge him.

2. **Opinion Formed from Evidence in Companion Case.**—Where a juror answers that he has formed an opinion from having heard the evidence in a companion case (the transactions being identical), the examination should cease, and the juror, being incompetent, should be discharged.

APPEAL from the District Court of Brazoria. Tried below before Hon. T. S. REESE.

Appellant was indicted for assault with intent to murder one Henry Williams, and at his trial was convicted and his punishment assessed at a term of two years in the penitentiary. On the 28th of April the appeal came on to be heard, and the judgment was affirmed. Motion for rehearing was filed, and is disposed of in the opinion below.

No general statement of the case is required. The matter discussed in the opinion, viz., the examination of the jurors and testing their competency by the trial court, is thus set out in defendant's bill of exceptions:

"The defendant and one Andrew White were indicted separately for a joint assault upon the witness Henry Williams. White's case had been submitted to one of the regular juries for the week, and this jury, having returned its verdict a short time before court resumed business at noon, was excused by the court, in order to allow them time for dinner. When this defendant's case was called for trial there was but one regular jury in attendance. This jury was composed of eleven men, and was completed by summoning one J. L. Black, the defendant having waived the drawing of the jury and making lists, as provided by the statute. Each of said jurors having been sworn on his voir dire and interrogated by defendant's counsel, the following jurors, viz., Chris. Jones, Charley Benedict, M. W. Walcott, Allen Barbie, and another, whose name is unknown to defendant, answered that they had heard the evidence in and trial of the case of The State of Texas against White; that they had formed an opinion, from the testimony in and trial of said cause, as to the guilt of this defendant, and that it would require evidence to remove that opinion. Defendant thereupon challenged each of said jurors for cause; but in answer to questions by the court each of said jurors replied, that the opinion so formed was not a fixed opinion; that they would not be influenced

to any extent thereby on the trial of this case; and being still interrogated by the court, each of said jurors answered, that he had no doubt whatever that he could try the case at bar without being influenced to any extent by the impression produced in his mind by the testimony already heard on the trial of the case of The State v. White, and the court overruled defendant's challenge. Other members upon said jury replied to defendant's counsel, that they had heard the testimony in and the trial of the case against said White, but had formed no opinion as to this defendant's guilt. Defendant's counsel thereupon challenged said jurors because of their having been present and having heard the testimony in and trial of the case against said White; but in reply to questions by the court, each of said jurors answered as aforesaid, and the court overruled defendant's challenges. Defendant's counsel then challenged ten of said jurors peremptorily, exhausting the challenges allowed him by law, and leaving said Black and said Barbie upon said jury; and he again challenged said Barbie for cause, as aforesaid, but the court overruled said challenge. The court then ordered the sheriff to complete the panel as required by law, and the sheriff summoned ten additional jurors, who, being sworn and examined as aforesaid, two of said jurors, to wit, Henry Niracker and another, whose name is unknown to defendant, answered that they had heard the trial of said White, and had formed an opinion as to the guilt of this defendant from the evidence in and trial of said White, and that it would require evidence to remove the opinion so formed. Defendant challenged each of said jurors for cause; but in reply to questions by the court, each of said jurors answered as had the jurors Chris. Jones and others. The same questions were asked by the court, and the same answers returned by these jurors, as in the case of the jurors Chris. Jones and others, aforesaid. Thereupon the court overruled defendant's challenge, and required him to go to trial with the jury thus formed, to which defendant excepted, and now tenders this his first bill of exceptions, and prays that same be made a part of the record in this case. This bill of exceptions is signed with the additional explanation, that after the jurors had answered the questions of defendant's counsel that they had formed an opinion, and that it would take evidence to remove such opinion, they were each carefully and closely questioned by the court, and each replied that he could try the case as fairly and impartially as if he had not heard the evidence aforesaid. As a result of the entire examination of said jurors, the court was of the opinion that they could so try the case. Done in open court, this January 23, 1894.                                    "T. S. REESE, Judge, etc."

*Wharton Bates* and *J. S. McEachin,* for appellant.

*R. L. Henry,* Assistant Attorney-General, for the State.

## ON MOTION FOR REHEARING.

DAVIDSON, JUDGE.—Motion for rehearing herein suggests several matters for consideration, one of which we deem should be noticed, to wit, that this court erred in sustaining the ruling of the trial court overruling appellant's challenges for cause to a juror who tried this cause below.   Having been asked the statutory question, the juror answered, that he "had an opinion, from the testimony in and the trial of said cause, as to the guilt of this defendant, and that it would require evidence to remove that opinion.   The "said cause" referred to was The State v. White, charged with the same offense, the testimony being in substance the same, and transaction identical.   The juror heard the trial of White, and hence his conclusion.   "For the purpose of ascertaining whether cause of challenge exists, the juror shall be first asked whether, in his opinion, the conclusion so established will influence his verdict.   If he answer in the affirmative, he shall be discharged; if he answer in the negative, he shall be further examined by the court, or under its sanction, as to how his conclusion was formed and the extent to which it will affect his action, and if it appears to have been formed from reading newspaper accounts, communications, statement, or reports, or from mere rumor or hearsay, and the juror states on oath that he feels able, notwithstanding such opinion, to render an impartial verdict upon the law and the evidence, the court, if satisfied that he is impartial and will render such a verdict, may, in its discretion, admit him as competent to serve in such case; but if the court in its discretion is not satisfied that he is impartial, the juror shall be discharged."   Such are the provisions of the statute.   Willson's Crim. Stats., sec. 2281 (Acts 1885, p. 90).   It will be seen by comparing the present statute with the provisions of the law prior to the amendment of 1885, that the changes were far reaching, and that this is the first time that a construction of the present statute has been called for at the hands of this court, in so far as we are informed.

As to the ability of the juror to disregard his conclusion or opinion: Recurring to the law in regard to the selection of jurors, we desire to say, that it is a fundamental proposition, under the Constitution and laws of this State, that fairness and impartiality are prerequisite qualifications in all jurors who are called upon to try a citizen accused of a violation of the statute, and no jury can in truth be said to be fair and impartial when this idea has been transgressed in selecting such jury.   It will then be observed from a perusal of the statute quoted, that when the juror whose qualifications are being tested answers that he has a conclusion as to the guilt or innocence of the accused established in his mind, such as will influence his verdict, he shall be discharged.   It will be also observed, that it is only when he answers such questions in the negative that further examination is authorized. It is evident, we think, from the terms employed by the law-making

power, that an affirmative answer from the juror concludes the investigation, and constitutes his reply a finality of the question as to his qualifications in this respect. It will be further noted, that if the juror answers that he has formed an opinion, but such opinion will not influence his action in finding his verdict, he shall be further examined by the court, or under its sanction. The object of this examination is to ascertain how his conclusion was formed, and the extent to which it will influence his action. If it appears from his examination that his opinion was formed from reading newspaper accounts, communications, statements, or reports, or from mere rumor or hearsay, and the juror shall swear that he is able, notwithstanding such opinion, to render an impartial verdict upon the law and the evidence, the court, if satisfied he is impartial, and will render such verdict, may in its discretion admit him to serve in the case; but if the court in its discretion is not satisfied that he is impartial, though the juror has so sworn, the juror shall be discharged. It will be further observed, that if the juror has formed his conclusion or opinion from reading newspaper accounts, etc., mentioned in the statute, then the court will be governed to some extent by the answers of the juror. In this case, however, the juror formed his conclusion from none of the sources mentioned, but by hearing the evidence of witnesses given under oath in a companion case. Our construction of the statute is, that when the opinion is formed in this manner—that is, from hearing the facts of the case testified to—the examination of the juror must cease. He is incompetent. The former opinion in this case was predicated upon the rule laid down in Suit v. The State, 30 Texas Criminal Appeals, 319. After carefully reviewing this question, we are satisfied our former conclusion was erroneous. Motion for rehearing granted.

Judgment reversed and cause remanded.

*Reversed and remanded.*

Judges all present and concurring.