### CHARLEY OBENCHAIN v. THE STATE.

*No. 979. Decided February 26th, 1896.*

**Jury—Competency of Jurors who have Tried a Companion Case.**

On a trial for playing at a game with cards, it was error, over the defendant's objections to empanel jurors who had, as jurors in a companion case, tried another party for playing at the same game, and involving the same identical transaction. Such jurors had already received evidence in the case in the most solemn manner, and rendered a verdict upon it; they had formed and expressed an opinion upon the facts and the court should have set them aside as incompetent.

APPEAL from the County Court of Parker. Tried below before Hon. J. L. L. MCCALL, County Judge.

This appeal is from a conviction for playing at a game with cards in a public house, the punishment assessed being a fine of $10.

No statement necessary.

[No briefs on file.]

*Mann Trice*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of playing at a game with cards in a public place, and fined $10, and appeals. It appears, from appellant's bill of exception, that, on the trial of this case, the jury, which had just tried and convicted one Mat Sisk for playing at the same game with cards as this appellant, was, together with others on the regular jury list, tendered to this appellant. Appellant objected to them, on the ground that they had tried another party for playing at the same game with this appellant, and had formed opinions in the case which would influence them in finding their verdict. The court, in explanation to said bill, states that two of said jurors answered that they had formed opinions in the case if the facts were the same as in the

Sisk case, and they thought they would be influenced thereby, and the court discharged the said two jurors. The other four jurors stated that they would not be influenced in the trial of this case by their opinion in the Sisk case. The court overruled appellant's objection, and compelled him to pass on said jurors. Appellant, in making his challenges, exhausted all of them, and was compelled to take two of said jurors, who had tried the Sisk case, on the jury to try him in this case. Our statute on this subject (Code Crim. Proc., Art. 636, Subdiv. 13) provides, as one of the grounds for a challenge for cause, to-wit: "(13) That from hearsay, or otherwise, there is established in the mind of the juror such a conclusion as to the guilt or innocence of the defendant, as will influence him in his action in finding a verdict. For the purpose of ascertaining whether this cause of challenge exists, the juror shall be first asked whether, in his opinion, the conclusion so established will influence his verdict. If he answer in the affirmative, he shall be discharged; if he answer in the negative, he shall be further examined by the court, or under its sanction, as to how his conclusion was formed and the extent to which it will affect his action, and if it appears to have been formed from reading newspaper accounts, communications, statements or reports, or from mere rumor or hearsay, and the juror states on oath that he feels able, notwithstanding such opinion, to render an impartial verdict upon the law and the evidence, the court, if satisfied that he is impartial and will render such verdict, may, in its discretion, admit him as competent to serve in such case; but if the court in its discretion, is not satisfied that he is impartial, the juror shall be discharged."

It will be observed from the foregoing, where the juror states he has formed an opinion, and that it will influence his verdict, he is to be discharged. If, however, he answer that he has formed an opinion, but that such opinion will not influence his verdict, he shall be further examined as to how his conclusion was formed, etc. Said statute further expresses the idea that, if the opinion in question was formed from mere hearsay, and the juror then states, on oath, that he can, with such an opinion, render an impartial verdict upon the law and the evidence, the court may, in its discretion, admit him as competent to serve in such case. This would appear to negative the proposition that, if the juror had reached his conclusion from having received his information from the witnesses in the case, or from having heard the evidence developed on the trial of the case, it was the intention of the legislature to exclude him as an incompetent juror; and, with a stronger reason, it occurs to us, that, if he has formed his conclusion in the case in the most solemn manner authorized by law—that is, having, as a juror, under his oath, heard the testimony and rendered a verdict upon the same evidence—he would be disqualified. We apprehend that it would hardly be contended that, if the appellant in this case had had a former trial before these same jurors, and had been convicted, and for some cause a new trial awarded him, they would be considered competent jurors on a subsequent trial of

the case; and the court will scarcely permit that they should even go through the form of an examination to ascertain whether or not the opinion formed on the previous trial would influence them in finding a verdict. No such self-stultification on the part of the jurors would be allowed. See Shannon v. State, 34 Tex. Crim. Rep., 5; Suit v. State, 30 Tex. Crim. App., 319. In this case, the jurors in question, as before stated, sat in a case which involved the identical transaction for which the defendant was tried. They received the evidence in that case in the most solemn form, and rendered a verdict. They had thus formed and expressed an opinion on the same facts upon which the appellant was to be tried, and we can scarcely conceive how it was possible for them to lay aside their already formed opinions, so as to constitute themselves fair and impartial jurors. Some men may be competent to do this, but they must constitute a very inconsiderable portion of those from whom the jury lists are drawn to try cases. In our opinion, the precedent would be a dangerous one, and, besides, it would appear to be an innovation upon the very meaning of the statute itself. The court below should have set aside these jurors as incompetent to try this case. The other questions raised in this case were disposed of in the companion case of Sisk v. State, ante p. 462, and it is not necessary to discuss them in this opinion. The judgment of the lower court is reversed, and the cause remanded.

*Reversed and Remanded.*

DAVIDSON, Judge, absent.