## ELIJIA TELLIS v. THE STATE.

### No. 2282.  Decided March 20, 1901.

**1.  Perjury—Indictment—Allegation of Materiality.**

In an indictment for perjury as a witness before the grand jury, it is competent to allege, in terms, that the false testimony was material, or it is equally competent to allege the facts which show the materiality; or both methods may be adopted by the pleader, as was done in this case.

**2.  Same—Assignments—Alibi—Charge.**

Where an indictment for perjury contained several assignments of perjury, all of which presented but one issue, to wit, alibi, the court in its charge need not have subdivided and treated them as distinct issues and instructed the jury if any one of them was false to convict defendant; but no injury is shown defendant where this was done by the court, inasmuch as all the assignments were proved and the falsity of each established.

**3.  Improper Argument—Practice on Appeal.**

Improper argument of counsel will not constitute reversible error in the absence of requested instructions to have the same expunged from the consideration of the jury.

**4.  Perjury—Disqualification of Juror as to Formed Opinion.**

On a trial for perjury, assigned upon defendant's testimony as a witness before the grand jury in the investigation of a murder case, and where defendant had sworn to facts establishing an alibi for the accused in said murder case; Held, that a juror who has formed no opinion as to the guilt or innocense of defendant in the perjury case, but has formed a fixed opinion from newspaper accounts as to the guilt of the accused in the murder case, is not disqualified to sit as a juror in either the perjury or the murder case where the juror states that he could try the murder case fairly and impartially from the evidence alone.  Davidson, J., dissenting from the last proposition.

APPEAL from the District Court of El Paso.  Tried below before Hon. A. M. WALTHALL.

Appeal from a conviction of perjury; penalty, two years imprisonment in the penitentiary.

The grand jury of El Paso County were investigating the case of Edelberto Garcia, accused of the murder of one Ed O'Connor, at the Cafe saloon, at 7:30 p. m. on the 1st day of October, 1899, by shooting him with a pistol.  Appellant, who is a woman, appeared and was sworn and testified as a witness in the investigation before said grand jury.  She swore to a perfect and complete alibi for the accused, Garcia, to the effect that he, Garcia, was in her daughter Felicita's room from about 5 o'clock in the afternoon on Sunday, the 1st day of October, 1899, until about 11 o'clock the same night, when he was arrested and taken to jail charged with the murder.  Upon this testimony the perjury was assigned in the indictment in this case.

No further statement necessary.

No brief for appellant found with the record.

*D. E. Simmons,* Acting Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of perjury, and her punishment assessed at two years confinement in the penitentiary.

Appellant moved to quash the indictment, which was in several counts, on the ground that the same stated no offense against the laws of this State, because it does not show or allege that E. Garcia committed any act of criminal offense while at said Cafe saloon, which was being investigated before the grand jury, wherefore the language alleged to have been used by appellant was immaterial, and not the subject of inquiry so that perjury could be assigned thereon; and, further, that the indictment fails to allege that the testimony of defendant while a witness before the grand jury was material to the subject of inquiry before said grand jury, and the indictment fails to allege the foreman of the grand jury was authorized to administer oaths, and because 'the innuendoes adduced from defendant's statements can not be legitimately deduced therefrom. An examination of the indictment does not support appellant's contention that there was a failure to allege that the foreman of the grand jury was authorized to administer oaths. As to the materiality of the alleged false testimony, we would observe it is competent to allege in terms the materiality thereof, or to allege the facts which show the materiality. See Rahm v. State, 30 Texas Crim. App., 310; Buller v. State, 33 Texas Crim. Rep., 551. In this indictment it seems that the pleader adopted both methods; that is, the gravamen of the charge is to the effect that the grand jury were investigating as to whether or not Garcia shot and killed O'Connor at the Cafe saloon, in El Paso, on the 1st of October, 1899, between the hours of 6 and 8 o'clock on said night, and that appellant, on behalf of said Garcia, was a witness on said occasion, and swore that said Garcia was not present at said Cafe saloon, but was at the house in the room of Felicita Tellis, about 400 yards distant from said Cafe saloon, during said time, and could not have been present at said Cafe saloon at the time said O'Connor was shot. In other words, said witness testified to an alibi on behalf of said Garcia. Now, all the facts which go to show this alibi testimony are set up in detail, and in rather prolix form. Yet an examination of the record shows they are all here, and they are pleaded in such manner as to exhibit the materiality of the alleged false testimony, and upon the very issue in the case, as is required in Buller's case, supra. And, moreover, it is distinctly alleged that the issue then being tried was a material one. We have examined the charge of the court on this same subject, which is objected to, and find it follows the indictment, and sets out the issues to be tried by the jury. True, it appears to subdivide the issues or assignments, and tells the jury, if they find any one of them false, to convict defendant; but, as we regard the matter, there was really but one issue, and here the testimony as set out in the indictment was upon that issue, and her various statements as alleged were in effect but the same statement; that is, that appellant was at Felicita's room during the time

when it was claimed he shot O'Connor at the Cafe saloon some 400 yards distant. The court need not have treated these as distinct assignments, but we see no injury to appellant in that regard, inasmuch as they were all proven, and the falsity of each established evidently to the satisfaction of the jury. The court gave all of appellant's special charges that we think were required under the evidence, and there was no error in the refusal to give others requested.

A number of bills of exceptions were reserved to the remarks of the district attorney. We are not prepared to say that said remarks were improper; and certainly in the absence of requested instructions to have the same expunged from the consideration of the jury, the same will not constitute cause for reversal.

On the impanelment of the jury and after defendant had exhausted her ten peremptory challenges, one Nick Carson was examined as to his qualifications to sit as a juror in the case. He stated that he had formed no opinion as to the guilt or innocence of the defendant. He was thereupon informed that the predicate for perjury in this case was based on the examination of the defendant before the grand jury of El Paso County on the 7th day of October, 1899, when they had under investigation whether one E. Garcia had on the 1st of October, 1899, at the Cafe saloon in the city of El Paso, Texas, shot and killed one Ed O'Connor; and he was asked if he had formed or expressed any opinion as to the guilt or innocence of said Garcia; and the said Carson answered yes, that he had both formed and expressed an opinion as to the killing of said O'Connor by Garcia; that said opinion was fixed, and that he still had such opinion; that it remained unchanged, but that he could try this case under the law and the evidence; that the opinion he had formed was not formed from hearing the evidence or talking with the witnesses, but from newspaper reports. Thereupon he was challenged by appellant on the ground that he was disqualified as a juror to sit in this case. The challenge was overruled, and appellant excepted. The contention of appellant is that said Carson showed himself disqualified to sit as a juror, if Garcia was being tried for the murder of O'Connor; and inasmuch as appellant's testimony went to establish an alibi for Garcia, that this disqualified the juror to sit in appellant's case for perjury. Subdivision 13 of article 673, Code of Criminal Procedure, has been before this court a number of times for construction; and it has been held that the mere fact that the juror had formed an opinion in the case and still had such opinion would not disqualify him. Suit v. State, 30 Texas Crim. App., 319; Shannon v. State, 34 Texas Crim. Rep., 5; Obenchain v. State, 35 Texas Crim. Rep., 490; Trotter v. State, 37 Texas Crim. Rep., 468. We quote from Suit's case, supra, as follows: "The mere fact that a juror has established in his mind a conclusion of the guilt or innocence of the party on trial is not a sufficient cause for disqualification. That conclusion, if entertained, must go further and be of such a character as

will influence him in finding his verdict." Unless the juror answer that the conclusion established will influence him in finding his verdict he should be interrogated further; and unless it is shown that his opinion, although established, was formed from original sources, as hearing or reading the evidence, or from talking with the witnesses, it will not disqualify him; that is, if his opinion is formed from rumors or hearsay, it is no disqualification if on his voir dire he states that he can try the case fairly and impartially from the evidence alone, and the judge from his examination is satisfied of his impartiality. True, the juror Carson stated he had formed an opinion as to the guilt or innocence of Garcia in the murder case, which involved the main issue in the case for perjury then on trial. But it was shown that his opinion in said case was formed merely upon hearsay; and he stated he could try the case fairly and impartially on the evidence. Under the rule laid down by the decisions on the subject, we do not believe the juror was shown to have been disqualified to sit in the murder case. He was therefore in our opinion qualified to sit as a juror in the perjury case then being tried.

We have examined the record carefully, and in our opinion the issues were fairly submitted to the jury and the evidence amply supports their verdict. The judgment is affirmed.

*Affirmed.*

DAVIDSON, PRESIDING JUDGE (dissenting).—I believe the judgment should be reversed because of the action of the court overruling appellant's challenge for cause to the juror Carson. Upon his voir dire the juror stated he had formed "no opinion as to the guilt of innocence of this defendant in this case. Thereupon, being informed that the predicate for perjury in this case was laid and based upon the examination of the defendant before the grand jury at El Paso County on the 7th of October, 1899, when they had under investigation whether Edelberto Garcia had on the 1st day of October, 1899, at the Cafe saloon in the city of El Paso shot and killed Ed O'Connor, he was asked if he had formed or expressed any opinion as to the guilt or innocence of said Edelberto Garcia; and the juror answered yes, that he had both formed and expressed an opinion as to the killing of Ed O'Connor by Garcia; that said opinion was fixed, and that he still had such opinion; that it remained unchanged, but that he could try this case under the law and the evidence; that the opinion he had formed was not from hearing the evidence or talking with the witnesses but 'from newspaper reports." Cause for challenge was urged for the reason that the juror had formed and expressed an opinion as to the subject matter to be tried in this case. My brethren say: "Under the rule laid down by the decisions on the subject, we do not believe the juror was shown to have been disqualified to sit in the murder case. He was therefore in our opinion qualified to sit as a juror in the perjury case then being

tried." This seems to concede that if he had been disqualified as a juror in the murder case, then he would be disqualified to sit in this case. I believe under our decisions that if the murder case had been upon trial he would have been disqualified as juror, and that being true, he would be disqualified in this case. It was necessary under the indictment charging perjury for the State to show appellant's testimony before the grand jury false, wherein she testified to the alibi. Now, if the juror's statement is to be believed, he had a fixed opinion, which would remain unchanged, that Garcia, who did the shooting, was guilty; that being true, it would inevitably follow that the testimony of appellant as to the alibi would be false so far as the juror was concerned. This was the issue upon which the perjury necessarily hung. When the juror went upon the jury with the conclusion in his mind fixed and established that Garcia was guilty of a homicide, the alibi in his mind was false, the State's case was correct, and appellant was a perjurer. I have understood, and still understand, except in the opinion of my brethren in this case, that wherever the conclusion as to the guilt of an accused, or one of the parties associated or connected with the crime, is fixed in the mind of the juror, he is necessarily, under the statute itself, disqualified. There is an unbroken line of decisions to this effect. The juror would clearly be disqualified in the murder case if Garcia was on trial. Post v. State, 10 Texas Crim. App., 579; Shannon v. State, 34 Texas Crim. Rep., 5; Sessions v. State, 37 Texas Crim. Rep., 58; Gilmore v. State, 37 Texas Crim. Rep., 81; Obenchain v. State, 35 Texas Crim. Rep., 490. But this would be so independent of the statute. The Constitution guarantees to the accused "a trial by an impartial jury." No act of the Legislature can make an impartial juror of a partial one. Nor has the Legislature undertaken to do so. They have provided that certain causes exist for challenge, but they have not undertaken, and, I apprehend, will not, to say that a partial juror is an impartial one. It is expressly enacted that a juror who has an established conclusion as to the guilt or innocence of an accused in his mind shall not be competent to sit in the case. If such conclusion is established, it matters not whence the reasons for such conclusion comes, or what produces it. There is a line of cases which hold that, where a juror has formed an opinion from rumor and hearsay, which is not fixed and established, and which he can discard, and try the accused fairly and impartially, he is not disqualified (White's Annotated Code of Criminal Procedure, section 747, subdivision 4); but that line of decisions has no application to the case in hand, because the juror here testifies positively that he has a fixed opinion, and that that opinion will remain unchanged. How the juror in this case can be impartial can not readily be understood, and I do not believe appellant has been tried by an impartial jury. I therefore dissent.