C. C. HOLMES v. THE STATE.

No. 3702.   Decided January 15, 1908.

**1.—Local Option—Jury and Jury Law—Challenge for Cause.**

Where upon trial for a violation of the local option law, the record on appeal showed that some of the jurors who sat upon defendant's case, had found defendant guilty in another case upon a similar charge with practically the same testimony; and that the defendant had made the proper objection at the proper time to said jurors, it was error not to have granted defendant's challenge for cause, although the same was made verbally.

**2.—Same—Bolstering up Testimony.**

See opinion for remarks of the court with reference to bolstering up testimony by proving statements of witness made out of court corroborative of those made in court.

Appeal from the County Court of Wood. Tried below before the Hon. J. O. Rouse.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $100 and sixty days confinement in the county jail.

The opinion states the case.

*R. E. Bozeman, W. W. Campbell* and *Mounts & Jones,* for appellant. —A defendant is entitled to a trial by a fair and impartial jury under the laws and Constitution of the State. Goble v. State, 42 Texas Crim. Rep., 501; Shannon v. State, 34 Texas Crim. Rep., 5; Obenchain v. State, 35 Texas Crim. Rep., 490; Shaw v. State, 17 Texas Crim. App., 225; Session v. State, 37 Texas Crim. Rep., 59.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted for violating the local option law, and his punishment assessed at a fine of $100 and sixty days imprisonment in the county jail.

Bill of exceptions No. 3 shows the following: After announcing ready in this cause, while counsel for appellant were examining the jury for the week upon their voir dire, the jurors, Floyd Williams, James Corbitt, J. S. Bird, and B. S. Smith, testified that they had sat upon the jury in cause No. 3083 in this court wherein the State of Texas was plaintiff and this defendant was the defendant, wherein this defendant was charged with violating the local option law; that the jury in said cause No. 3083 had found this defendant guilty of said charge and that they had assessed his punishment at a fine of $100 and sixty days confinement in the county jail; that said cause No. 3083 was tried to-day; that all of said jurors testified that they formed an opinion on said cause No. 3083; that the jurors, O. A. Cain, J. L. Anderson and S. J. Benton testified that they had heard all of the testimony and argument of counsel in cause No. 3083, and that they had formed an opinion as to the guilt of defendant in said numbered cause, and that said opinion had been formed from having heard the testimony and argument of counsel in said cause, whereupon the defendant presented a motion and asked that all of said jurors be excused for cause. Among other things, after setting up the above facts, appellant insists in his motion, which is embodied in the bill of exceptions, that the prosecuting witness in each case, B. S. Smith, had been employed as detective to file and did file these prosecutions against appellant. The court overruled the motion, and appellant, after exhausting all of his peremptory challenges, was required to take said jurors. The bill is approved with this qualification. "That none of said jurors mentioned testified that they had formed an opinion in this case, but they each testified that the opinion formed in the other cause, would not in any way affect them in the trial of this cause, and that the evidence and argument of counsel heard in the other case would not affect them in this case; that they had no opinion whatever in this case and that anything they heard or any opinion that they might have formed in cause

No. 3083, would not in any manner affect their verdict in this case." and the court further certifies that the challenge for cause was entered verbally by the defendant's counsel at the time, and overruled by the court, and that the instrument of writing purporting to be a challenge to the jurors was never called to the attention of the court until this bill of exceptions was presented. We do not think it material that the challenge for cause was made verbally, and the reasons therefor subsequently embodied in the motion, which motion was further embodied in the bill of exceptions, the substance of which is above cited. Suffice it to say, we think the reasons, whether oral or written, required of the trial court to discharge the jury and award appellant a trial by a fair and impartial jury. The Constitution guarantees appellant such a jury when he asserts said right at the proper time. This, we understand, appellant has done in this case. We cannot believe that this jury could sit and listen to the trial of a local option case against appellant, with practically the same testimony in another case, and not have an opinion previously formed, which opinion would influence their action in finding a verdict. If they believed appellant guilty in the first instance, there is no rational basis for concluding that they would not believe him guilty in the second instance. If the witness swore appellant sold him whisky once, and they believed that fact, we know of no process of reasoning by which they could discard the fact and disbelieve the statement when the witness swore appellant sold him (witness) whisky the second time. It follows, therefore, that the court erred in not setting the jurors aside and awarding appellant another jury.

We would say that in the trial of every case, no evidence should be introduced of a hearsay character, nor should there be an effort to bolster up a witness by proving statements made out of court corroborative of the one in court, unless there has been a previous direct effort made by appellant to prove said witness had made contradictory statements to that testified on the trial.

For the error pointed out, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*