## JERRY GREEN v. THE STATE.

### No. 3838.    Decided June 6, 1908.

**1.—Local Option—Jury and Jury Law—Impartial Jury.**

Where upon trial of a violation of the local option law, the prosecution rested upon substantially the same facts, which had been definitely affirmed by the same jury-men in other cases, and which came from the same witness, and the only difference consisted in the names of the defendants, the said jury was not an impartial one, and the verdict of conviction could not be sustained.

**2.—Same—Evidence—Impeachment of Witness.**

Where upon trial of a violation of the local option law, it was shown that the State's witness was interested in securing convictions for such violation of the law, it was error not to permit the defense to show interest, motive and bias of the witness, by impeaching his denial of coaching another State's witness.

**3.—Same—Charge of Court—Singling Out Facts.**

Upon trial of a violation of the local option law a charge of the court which singled out a particular fact, should not have been given.

Appeal from the County Court of Brown. Tried below before the Hon. A. M. Brumfield.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $100 and sixty days confinement in the county jail.

The opinion states the case.

*Harrison & Wayman,* for appellant.—On question of jury: Barnes v. State, 88 S. W. Rep., 805; Goble v. State, 42 Texas Crim. Rep., 501; 60 S. W. Rep., 968, and cases cited in opinion. On question of impeaching witness: Bennett v. State, 28 Texas Crim. App., 539; Randell

v. State, 49 Texas Crim. Rep., 261; 90 S. W. Rep., 1012; 7 Enc. of Evi., 86.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, Judge.—Appellant was convicted in the County Court of Brown County, Texas, on a charge of unlawfully selling intoxicating liquors in violation of the local option law. When his case was called for trial there was in the jury box a panel of twelve jurymen. Over his protest appellant was required to accept and be tried before a jury, three of whom had sat on the trial of two other cases against other defendants charged with violations of the local option law, in all of which verdicts of guilty were returned, and who had, in each of said other cases predicated their verdicts upon substantially the following evidence given by the witness Chas. Willis, the prosecuting witness in this case. The only difference in the transactions in substance, was that the sellers were different persons the purchaser and the other circumstances being the same. The evidence in each and all of said cases, including the case on trial, being substantially as follows:

The witness Willis testified in substance, on direct examination, that he went into defendants place of business in Brownwood, Texas (giving time and place), and called for a small soda and that defendant set out some soda and whisky for which he paid him at the rate of 20 cents per drink; that he drank said whisky and soda and left said place of business. On cross-examination he testified that in 1902, he was indicted for theft in Bell County, Texas. He further testified that on the 11th day of December, 1907, he approached the county attorney of Brown County, Texas, in his office relative to making a contract with him to turn in all violations of the law that he might be able to detect; that he made a contract substantially as follows: That he would turn in the names of witnesses in all violations of the law that he could find, for which service the county attorney agreed to pay him $50; that this contract was to begin December 11th, 1907, and run through the present term of the county court; that at the time of the trial of this case, the county attorney had already paid him $38.75 on said contract; that he understood that part of this pay was for his coming here to testify in these cases, although nothing was said about this at the time, still he knew he would have to come into court and testify in these cases, and that part of the money he received he considered to be for this work and that the county attorney had not promised him any further remuneration than the said $50. On redirect examination he testified that the case against him in Bell County, in which he was indicted for theft was dismissed, and that he had been so informed by his attorney whom he had employed to defend him in that case; that he was not employed to induce any particular person to violate the local option law, but that he had turned in a large number of cases in which he was the witness for the State, and in which the defendants were

charged with violations of the local option law; that he had lived in Brownwood for the last nine years and was a painter by trade. It was shown that the panel of jurors for the week consisted of twelve men who were tendered the defendant in this case from which to select a jury for the trial of this case. Six of said jury of twelve men had sat upon the trial of said other cases above referred to. Appellant excepted to and challenged for cause said six jurors on the ground that they were disqualified to sit upon the trial of this case and to weigh the testimony of the witness, Willis, because they had already heard the evidence above detailed and had passed on the credibility of said witness and had, therefore, already prejudged this defendant's case. These objections were by the court overruled to which ruling the appellant then and there excepted and he was then and there required to select from the said panel of twelve jurors a jury for the trial of his cause. Appellant, after he had exhausted his three peremptory challenges, was required to accept on the panel for the trial of this case, three of the six jurors who had theretofore sat upon the trial of said previous case against defendant, as well as the other cases against other defendants, as hereinbefore explained. This bill is allowed with the single qualification: "The jury in this case stated on their direct examination that they had neither formed nor expressed any opinion as to the guilt or innocence of the defendant and that they knew of no reason why they could not give the defendant a fair and impartial trial." That they had in a similar case in which the facts, except the mere names of the parties, were substantially the same, registered, and under their oaths expressed their belief in the credibility of the witness, Willis, was amply attested by their verdicts in former cases. He was the witness and practically the only witness in this case; on his credibility depended appellant's guilt or innocence. In the case of Hanes v. State, 107 S. W. Rep., 818, we said: "Complaint is made that the defendant was compelled to accept at least a portion of the jury, after the exhaustion of his peremptory challenges, who had sat on a jury in the trial of a companion case, and who had heard in detail all the evidence in reference thereto. The objection to the jury was made in a timely way, and the point reserved by proper bill. The court, in allowing the bill states that all of the jurors on their voir dire examination declared they had formed no conclusion as to the guilt or innocence of defendant and that they were neither biased nor prejudiced for or against him, and that whatever testimony had been developed in any other case would not in the least influence them in arriving at a verdict in defendant's case. The court affirms that he knew these men to be good citizens and believed them to be fair and impartial men. That they were good citizens and good men we should not hesitate to accept the assurance of the learned judge; but in a case where the transaction was the same kind and in the same place, and where the jury had in a former case affirmed their belief of the credibility of the prosecuting witness by their solemn verdict, it is not believed, however good and true they may be, that they are of that impartial quality that

the law provides that every defendant may submit his case to and leave
the determination of his rights with.   See Obenchain v. State, 35 Texas
Crim. Rep., 490; 34 S. W. Rep., 278." In the case of Holmes v. State,
52 Texas Crim. Rep., 353; 106 S. W. Rep., 1160, we held that the defend-
ant, although he had exhausted his peremptory challenges, was entitled to
have jurors, who had sat on the jury in a similar prosecution of the
same defendant, excluded for cause, where he presented his objection
orally at the proper time.   In that case Judge Brooks, speaking for the
court says: "We can not believe that this jury could sit and listen to
the trial of a local option case against appellant with practically the
same testimony in another case, and not have an opinion previously
formed, which opinion would influence their action in finding a verdict.
If they believed appellant guilty in the first instance, there is no rational
basis for concluding that they would not believe him guilty in the second
instance.   If the witness swore appellant sold him whisky once, and
they believed that fact, we know of no process of reasoning by which
they could discard the fact and disbelieve the statement when the wit-
ness swore appellant sold him (witness) whisky the second time."   We
do not think that the fact that other persons than appellant were in-
volved in the other prosecution, can make any difference.   The sub-
stance of the objection was that having, in a prosecution resting upon
substantially the same facts, once definitely affirmed their belief in the
credibility of the prosecuting witness, that this opinion of necessity,
must and would operate in a case against this defendant, based upon the
testimony of the same witness, where, except the mere names of the de-
fendant, the evidence was the same; and that it would be an injustice
to the defendant to be compelled to submit his cause to a jury with such
deliberate and fixed convictions and opinions as to the credibility of the
witness upon whose testimony a conviction was sought.   The right of
trial by jury is an important right.   It is indispensable to the due ad-
ministration of law that an impartial jury should in every case be pro-
vided.   Unless an unbiased jury is guaranteed to the citizen, then
indeed, is a trial by jury as "idle as a painted ship on a painted ocean";
a hollow mockery and a vain delusion.

Again, we think the court erred in excluding certain testimony of-
fered to impeach the witness Willis.   As evidenced by the bill of ex-
ceptions, the matter arose in this way:   While this witness Willis, was
on the stand he was asked the following question:   "Is it not a fact that
you had a conversation with J. O. B. Smith just after Christmas at
your residence in Brownwood, Texas, in which you told him that you
were in a bad position because of this court business, and that if they
put a direct question to him, meaning Smith, and referring to local
option cases (you, knowing at the time that Smith was a witness with
you for the State in a number of said cases), your answer 'yes' or 'no'—
I have put myself in a position in these cases to go to the penitentiary?"
To which question said Willis, if permitted to answer, would have an-
swered "no."   Defendant could have proven by the witness Smith, who

was in attendance on the court, that he did make such statement at the time and place mentioned, if he had been permitted to have done so by the court. Defendant's object and purpose in introducing said testimony was for the purpose of impeaching the witness Willis, and to have said evidence before the jury as effecting the credibility of said Willis. This testimony was objected to by State's counsel on the ground that it was irrelevant and immaterial. Appellant's contention, is, as we understand, and it is so substantially stated in his brief, that while evidence introduced for the purpose of impeachment, must not be collateral or irrelevant to the case this rule does not exclude evidence that touches a witness' mental attitude, state of feelings, his capacity, animus, motive, ill will, or interest, or which may tend to show bias, hostility or interest and that the exclusion of such evidence by the court is reversible error. It is well settled, as claimed, that on cross-examination of a prosecuting witness, that defendant should, of right, be allowed a wide latitude in the introduction of evidence that may have the effect to discredit, or tends to have the effect to discredit such witnesses. This contention, we think, is supported by the case of Massey v. State, 31 Texas Crim. Rep., 371; Wood v. State, 28 Texas Crim. App., 61; Bennett v. State, 28 Texas Crim. App., 539. It would seem that in view of the antecedents and position of this witness, that the admission of this testimony might become essential and tremendously important to appellant. That he was interested in the prosecution in a pecuniary way, in that he had received and on conviction would receive witness fees, he admits. That he had such relations in securing violations of the law by the employment of the county attorney is attested by his own evidence. If the proposed testimony of Smith may be believed there was an effort on the part of the prosecuting witness to coach Smith as to the evidence he should give. In other words, his answers should be "yea, yea," or "nay, nay," and that he should answer "yes" or "no" without the possibility of error or mistake. Again this admission to Smith, if true, "I have put myself in a position in these cases to go to the penitentiary," was a strikingly significant admission and statement which the jury as arbiters and judges of matters of fact, might well give great weight and properly construe as an admission that for money and hire he had sworn falsely. We recognize the rule that a witness may not be impeached on collateral and immaterial issues but in this case, we believe, in view of this witness' relations to the case that these declarations proposed to be proved, were broad enough to include this case and every local option case in which Willis was a witness, and that any fact and every fact going or tending to show mental bias, interest, prejudice or any other motive or mental state, or status, which fairly considered and construed, might even remotely tend to effect his credibility, should have been admitted.

Appellant complains of the following charge of the court: "You are instructed that unless you find from the evidence beyond a reasonable doubt that the defendant was connected with John Byrd's place of

business, you will not consider the testimony of Byrd that he has revenue license to sell intoxicating liquor, as a circumstance going to show defendant's guilt or innocence in this case. However, if you find from the evidence beyond a reasonable doubt that the defendant did sell prosecuting witness, Willis, intoxicating liquor, as alleged, it is immaterial whether or not he was at the time employed by Byrd." We are inclined to think that the latter paragraph of this charge should not have been given. It singled out a particular fact and the tendency and possible effect of the charge was to emphasize unnecessarily and unduly this feature of the proof.

For the errors pointed out the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*

Brooks, Judge, absent.