### JOHN HARDGRAVES v. THE STATE.

No. 973.     Decided March 1, 1911.

**1.—Local Option—Statement of Facts—Original—Practice on Appeal.**

Under the law, the original statement of facts must be sent up with the record on appeal, and this court will not consider a statement of facts copied in the transcript.

**2.—Same—Jury and Jury Law—Challenge for Cause.**

Where, upon trial of local option, the record on appeal showed that the defendant was forced to take jurors who had sat on a jury who had tried and convicted other defendants in other local option cases, upon testimony of the State's witnesses entirely the same as the case at bar, and the trial court did not permit upon the voir dire of the jurors an examination of the question as to whether the jurors had formed an opinion as to the truth and veracity of the State's witnesses, which they would have answered in the affirmative, and the court overruled defendant's challenge for cause, the same was reversible error. Following Green v. State, 54 Texas Crim. Rep., 3, and other cases.

Appeal from the District Court of Grayson. Tried below before the Hon. J. M. Pearson.

Appeal from a conviction of a violation of the local option law; penalty, one year imprisonment in the penitentiarv

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.—On question that original statements of facts must be sent up: Frenzell v. Lexington Land & Abstract Co., 126 S. W. Rep., 907; Vickery v. Burks, 121 S. W. Rep., 177.

HARPER, JUDGE.—In this case the defendant was indicted, tried and convicted in the District Court of Grayson County, charged with violating the local option law and sentenced to one year confinement in the penitentiary.

The original statement of facts is not sent up with the record, as provided by the Act of the Thirty-first Legislature, but there is what purports to be a statement of facts copied in the record. The Assistant Attorney-General moves to strike out this purported statement, and under the decisions of this court the motion is sustained. Sections 5 and 6, chapter 39, Act of the Thirty-first Legislature, page 376, Session Acts.

In bills of exception Nos. 1 and 2 appellant complains of the action of the court in requiring him to select a jury from the panel regularly drawn and summoned, the grounds being that a portion of the regular panel had sat upon the jury that tried Tom Peterson for violating the local option law, and a portion thereof had sat on the jury trying Buster Davis for violating the local option law. Defendant alleged that the witnesses in the case against this defendant were also witnesses against Peterson and Davis, and the only witnesses against him, and he desired to ask the jury if they had formed an opinion as to the truth and veracity of the State's witnesses, Dearton and Ricketts, who had testified to a sale in the other two cases, and would testify to a sale in this case. The court sustained an objection to an examination into the question as to whether the jurors had formed an opinion as to the truth and veracity of a person who was alleged to be a witness for the State, but did permit an inquiry as to whether they had formed an opinion as to the guilt or innocence of the defendant on trial, and each of the jurors stated that he had no opinion as to the guilt or innocence of the defendant in this case, had no bias in his favor or prejudice against him, and he could and would try the case fairly and impartially under the law; that he knew nothing of the facts, had no opinion, and nothing he had heard from any source would influence his action if chosen on the jury to try this cause.

In the bills of exception it is shown that each of the jurors would have answered that from being on the jury in the other cases and hearing these witnesses testify they had formed an opinion that they were truthful, and on their testimony had convicted the defendants. Defendant challenged for cause all jurors who had been members of the juries trying Davis and Peterson, which challenge was by the court overruled. Defendant further shows that after exhausting his peremptory challenges, he was forced to accept eight of the persons

who had served on the Davis and Peterson juries. In the case of Green v. State, 54 Texas Crim. Rep., 5, this court holds:

"In the case of Hanes v. State, 107 S. W. Rep., 818, we said: 'Complaint is made that the defendant was compelled to accept at least a portion of the jury, after the exhaustion of his peremptory challenges, who had sat on a jury in the trial of a companion case, and who had heard in detail all the evidence in reference thereto. The objection to the jury was made in a timely way, and the point reserved by proper bill. The court, in allowing the bill, states that all of the jurors on their voir dire examination declared they had formed no conclusion as to the guilt or innocence of defendant and that they were neither biased nor prejudiced for or against him, and that whatever testimony had been developed in any other case would not in the least influence them in arriving at a verdict in defendant's case. The court affirms that he knew these men to be good citizens and believed them to be fair and impartial men. That they were good citizens and good men we should not hesitate to accept the assurance of the learned judge; but in a case where the transaction was the same kind and in the same place, and where the jury had in a former case affirmed their belief of the credibility of the prosecuting witness by their solemn verdict, it is not believed, however good and true they may be, that they are of that impartial quality that the law provides that every defendant may submit his case to and leave the determination of his rights with. See Obenchain v. State, 35 Texas Crim. Rep., 490, 34 S. W. Rep., 278.' In the case of Holmes v. State, 52 Texas Crim. Rep., 353, 106 S. W. Rep., 1160, we held that the defendant, although he had exhausted his peremptory challenges, was entitled to have jurors, who had sat on the jury in a similar prosecution of the same defendant, excluded for cause, where he presented his objection orally at the proper time. In that case Judge Brooks, speaking for the court, says: 'We can not believe that this jury could sit and listen to the trial of a local option case against appellant with practically the same testimony in another case, and not have an opinion previously formed, which opinion would influence their action in finding a verdict. If they believed appellant guilty in the first instance, there is no rational basis for concluding that they would not believe him guilty in the second instance. If the witness swore appellant sold him whisky once, and they believed that fact, we know of no process of reasoning by which they could discard the fact and disbelieve the statement when the witness swore appellant sold him (witness) whisky the second time.' We do not think that the fact that other persons than appellant were involved in the other prosecution, can make any difference. The substance of the objection was that having, in a prosecution resting upon substantially the same facts, once definitely affirmed their belief in the credibility of the prosecuting witness, that this opinion of necessity must and would operate in a case against this defendant, based upon the testimony of the

same witness, where, except the mere names of the defendant, the evidence was the same; and that it would be an injustice to the defendant to be compelled to submit his cause to a jury with such deliberate and fixed convictions and opinions as to the credibility of the witness upon whose testimony a conviction was sought. The right of trial by jury is an important right. It is indispensable to the due administration of law that an impartial jury should in every case be provided. Unless an unbiased jury is guaranteed to the citizen, then indeed is a trial by jury as 'idle as a painted ship on a painted ocean;' a hollow mockery and a vain delusion."

In accordance with the former holdings of this court this judgment is reversed and the cause remanded.

*Reversed and remanded.*