*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*


## MEMORANDUM OPINION

No. 04-07-00804-CR

Alonzo R. **GONZALEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 79th Judicial District Court, Jim Wells County, Texas
Trial Court No. 06-03-11889
Honorable Richard C. Terrell, Judge Presiding

Opinion by:   Rebecca Simmons, Justice

Sitting:   Karen Angelini, Justice
Sandee Bryan Marion, Justice
Rebecca Simmons, Justice

Delivered and Filed:  December 3, 2008

AFFIRMED

Alonzo Gonzalez was convicted of capital murder for the death of Javier Sanchez and sentenced to mandatory punishment of life without parole.  Gonzalez appeals his conviction on two grounds.  First, Gonzalez asserts the trial court erred in excluding a DVD recording.   Second, Gonzalez asserts the trial court abused its discretion by denying his request for a postponement of closing argument.  We affirm the trial court's judgment.

## FACTUAL BACKGROUND

On January 2, 2006, Javier Sanchez's body was discovered beside a county road. The police investigation identified James Dennis as the last person seen with Sanchez. As the chief prosecution witness, Dennis testified that he picked up Sanchez from his residence on January 1, 2006 and spent the evening with Sanchez buying and using drugs. At some point that evening, a gold Expedition and a black truck blocked Dennis's car. Dennis testified Dito, the driver of the black truck, exited the truck and pointed a pistol in Dennis's face while Gonzalez pulled Sanchez out of the vehicle. Dennis saw Sanchez struggle to get free and then heard a "pop" after which Sanchez was pushed into the gold Expedition, and Dennis was told by Dito to leave and "not look back." Dennis immediately left the scene. At 2:00 a.m., Dennis drove to Alex Garza's house to buy some cocaine, and he ran into Gonzalez. Dennis asked Gonzalez what happened, and Gonzalez told him that he took care of business.

## EXCLUSION OF DVD

In his first issue, Gonzalez asserts the trial court erred in excluding the DVD recording of Dennis's police interrogation. Gonzalez argues the exclusion of the DVD violated the Texas Rules of Evidence as well as his right to present a defense and due process.

A.    Proffer of Evidence

As a preliminary matter, we will consider whether Gonzalez made an appropriate proffer of evidence. When Gonzalez proffered the DVD at trial, the State objected on the grounds that the DVD contained inadmissible references to a lie detector test. After reviewing the DVD for forty-five minutes, the trial court asked Gonzalez to identify specific statements in the DVD that Gonzalez would use to impeach Dennis. Gonzalez failed to comply with the trial court's request and attempted

to offer the entire DVD into evidence. Gonzalez never identified for the court which specific statements he believed were admissible for impeachment purposes to show bias and motive.

"When a trial judge is presented with a proffer of evidence containing both admissible and inadmissible statements and the proponent of the evidence fails to segregate and specifically offer the admissible statements, the trial court may properly exclude all of the statements." *Willover v. State,* 70 S.W.3d 841, 847 (Tex. Crim. App. 2002). The trial court was not required to sort through and edit DVDs in order to determine which statements may impeach a witness; such a task was Gonzalez's responsibility. *See id.* Since Gonzalez did not specify and extract the statements he wanted to use for impeachment purposes, it was not an abuse of discretion for the trial court to exclude the DVD. *See id.*

B. Analysis

Even assuming Gonzalez had made an appropriate proffer by specifying which statements he wanted to use, the trial court would not have erred in excluding the DVD recording. According to Gonzalez, the DVD was necessary to impeach Dennis's testimony by showing the jury how Dennis changed his story multiple times and how the police coerced Dennis to testify that he was not present at the time of Sanchez's death. Gonzalez also contends the DVD illustrated how the police were initially skeptical of Dennis's original story and pressured Dennis to change his story. Gonzalez argues that such evidence shows how Dennis might have been involved in Sanchez's death and was possibly lying to protect himself.

We review a trial court's ruling on the admissibility of evidence under an abuse of discretion standard, and we will uphold the trial court's ruling if it was within the zone of reasonable disagreement. *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006). In addition, we will

review the trial court's ruling in the light most favorable to the trial court's conclusion. *Id*. "We will sustain the lower court's ruling if it is reasonably supported by the record and is correct on any theory of law applicable to the case." *Id*. If the trial court makes an arbitrary ruling to deny relevant evidence that is vital to a defendant's defense, or if the trial court erroneously excludes relevant evidence that effectively precludes a defendant from presenting a defense, then the trial court's ruling violates the defendant's constitutional right to due process and to present a meaningful defense. *Potier v. State*, 68 S.W.3d 657, 663 (Tex. Crim. App. 2002).

Under Rule 401 of the Texas Rules of Evidence, any fact tending to show "'mental bias, interests, prejudices, or any other motive or mental state, or status [of the witness] which fairly considered and construed, might even remotely tend to affect his credibility, should [be] admitted.'" *Coleman v. State*, 545 S.W.2d 831, 834 (Tex. Crim. App. 1997) (quoting *Green v. State*, 54 Tex. Crim. 3, 111 S.W. 933, 935 (Tex. Crim. App. 1908)); *see also* TEX. R. EVID. 401. However, the trial court possesses discretion to exclude relevant evidence if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." TEX. R. EVID. 403.

Dennis admitted during testimony that he had been pressured by the police during interrogation and made certain statements he thought the police wanted to hear. The DVD recording repeated a number of the same statements Dennis made during testimony and, therefore, was cumulative. The trial court did not abuse its discretion by denying the needless presentation of cumulative evidence. *See* TEX. R. EVID. 403; *Dixon*, 206 S.W.3d at 590.

In addition, the trial court did not violate Gonzalez's right to due process or to present a defense by excluding the DVD. During trial, Gonzalez was able to present an effective defense and

place Dennis's credibility into question without the admission of the DVD recording. The only showing made by Gonzalez concerning the DVD's relevance was that the DVD contained additional statements made by Dennis that were similar to those at trial. As a result, the DVD added nothing to Gonzalez's defense, and its exclusion was within the zone of reasonable disagreement. Gonzalez's first issue is overruled.

POSTPONEMENT OF CLOSING ARGUMENT

In his second issue, Gonzalez asserts the trial court abused its discretion by denying his request for the postponement of closing argument in violation of his Sixth Amendment right to due process and effective assistance of counsel. Gonzalez contends his lead counsel, Jon Kelly, was suffering from heart issues and emotional distress as a result of a heated confrontation between Kelly and his co-counsel during an afternoon break. After both sides rested, Kelly asked the trial court to recess for the weekend and to resume with closing arguments on Monday. The trial court denied the request for delay and required Kelly to proceed with his closing argument. According to Gonzalez, the trial court's denial of Kelly's request was an abuse of discretion, a violation of his due process, and a deprivation of his right to effective assistance of counsel.

A.    Abuse of Discretion and Violation of Due Process

Although a motion for continuance should be in writing, an oral request for delay may be addressed to the equitable powers of the trial court. *See Deaton v. State*, 948 S.W.2d 371, 374 (Tex. App.—Beaumont 1977, no pet.). A matter of continuance is generally within the discretion of the trial judge, and we review a trial court's ruling on a motion for continuance under an abuse of discretion standard. *Gallo v. State,* 239 S.W.3d 757, 764 (Tex. Crim. App. 2007); *Janecka v. State,* 937 S.W.2d 456, 468 (Tex. Crim. App. 1996); *see also Deaton*, 948 S.W.2d at 374. To establish

an abuse of discretion, there must be a showing that the defendant was actually prejudiced by the denial of his motion. *Gallo,* 239 S.W.3d at 764; *Janecka,* 937 S.W.2d at 468.

Although the denial "of a justifiable request for delay can [also] render the right to defend with counsel an empty formality," not every denial of a request for more time is prejudicial or violates due process. *See Ungar v. Sarafite,* 376 U.S. 589, 589 (1964). "There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial court at the time the request is denied." *Id.*

According to the record, Kelly's pacemaker began to react around 2:05 p.m. after a heated argument with co-counsel which resulted in Kelly being handcuffed and detained briefly. After the confrontation was over, Kelly expressed concern about his defibrillator, and the court allowed Kelly time to calm down. After a brief period, Kelly took three nitroglycerine tablets and appeared calmer. At this time, the jury was brought back into the courtroom, and Kelly resumed cross examination. By 3:30 p.m., both parties' counsels reviewed the jury charge, and Kelly made formal objections to the charge and an oral request for delay, which was subsequently denied. Before closing argument, the trial court advised Kelly that if "something goes wrong and you've got to stop, all you have to do is say, 'Judge, I've got to stop,' and I'll stop and recess the jury and we'll figure out where we go from there, but do your best." Thereafter, Kelly completed his closing argument without any additional requests.

We conclude that the trial court's denial of an oral request for delay due to Kelly's cardiac and emotional distress was not an abuse of discretion, nor did it deprive appellant of due process. *See Ungar,* 376 U.S. at 589; *Gallo,* 239 S.W.3d at 764; *Janecka,* 937 S.W.2d at 468. While Kelly

engaged in a brief heated confrontation that subsequently triggered his pacemaker, these events were not prejudicial to the outcome of trial since they took place outside the presence of the jury. Furthermore, Kelly continued his cross examination in a professional manner, made formal objections to the charge, and was advised to make the court aware of any further complications during closing argument. At no time did Kelly request a recess during closing argument due to any further physical complications. As a result, the record does not demonstrate that Gonzalez was prejudiced by the denial of his motion or that Kelly's continued participation in the trial denied appellant of his due process rights. *See Ungar,* 376 U.S. at 589*; Gallo,* 239 S.W.3d at 764; *Janecka,* 937 S.W.2d at 468.

B.      Ineffective Assistance of Counsel

To prove ineffective assistance of trial counsel on appeal, an appellant must show that counsel's assistance fell below an objective professional standard and counsel's actions thereby prejudiced appellant's defense. *Strickland v. Washington*, 466 U.S. 668, 687-88, 692 (1984); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). Appellant must prove, by a preponderance of the evidence, that but for counsel's error, the outcome of his trial would have been different. *Jackson v. State*, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998).

There is nothing in the record to indicate Kelly was ineffective at any stage of the trial. Gonzalez's complaint that the trial court's denial of his request for delay prevented effective assistance of counsel fails to meet the necessary hurdle of an ineffective assistance of counsel claim. Gonzalez does not specify which portions of Kelly's closing argument fell below an objective professional standard or how it skewed the outcome of his trial. *See Strickland*, 466 U.S. at 687-88, 692; *Thompson*, 9 S.W.3d at 812. During closing, Kelly dealt with each defensive issue raised at

trial and commented on the credibility of the witnesses. Moreover, Kelly's mere physical condition alone does not satisfy the appropriate standard to prove ineffective counsel. *See Medrano v. State*, 768 S.W.2d 502, 505 (Tex. App.—El Paso 1989, pet. ref'd). Gonzalez's second issue is overruled.

## CONCLUSION

Because the trial court did not err in refusing to admit the entire DVD or in refusing to postpone oral argument, we affirm the trial court's judgment.

Rebecca Simmons, Justice

DO NOT PUBLISH