## T. C. BICE v. THE STATE.

### No. 3985. Decided December 10, 1908.

### Rehearing Denied March 17, 1909.

**1.—Murder—Continuance—Subsequent Applications.**

The failure to get a continuance does not change the fact that the application is made; it is the application for continuance that controls the matter of subsequent applications and not the fact of the application for continuance being granted.

**2.—Same—Subsequent Applications—Discretion of Court.**

Where upon trial for murder the case was continued on the application of defendant, and at a subsequent term the second application by defendant for continuance was overruled by the trial court and reversed by this court for such ruling, and thereupon another application for continuance was made by defendant, this became the third application for continuance, and was addressed to the sound discretion of the court.

**3.—Same—Immaterial Witness.**

Where upon appeal from a conviction of murder the record disclosed that no witness in the case ever saw the absent witness (for which the application for continuance was made) at the place of the killing or near it, there was no error in overruling the application for continuance.

**4.—Same—Continuance—Subsequent Application.**

Upon trial for murder where the record showed on appeal that the absent witness immediately disappeared from the county after the homicide, and roved about the country so that defendant was unable to locate him; that the reputation of the witness was that of a dutiful son staying at home contributing to the support of his mother; that he was the nephew of the defendant; that there appeared to be a studious effort on the part of the defense to secrete this witness in order to secure a continuance; that this was the third application for continuance; that the testimony was largely cumulative, and there appeared no reasonable probability that the presence of the witness could be secured by a reversal of the case, there was no error in overruling the motions for continuance and new trial.

**5.—Same—Affidavit—Practice on Appeal.**

An affidavit in support of an application for continuance which had been overruled by the trial court, filed in the Appellate Court, can not be considered by the Court of Criminal Appeals as a part of the record.

**6.—Same—Jury and Jury Law—Disqualification—Challenge—Talesman.**

Where upon trial for murder it appeared by the record on appeal that the juror complained of was a fair and impartial juror; that his name was furnished as a talesman on a list of five jurors, and that neither the State nor the defendant marked the juror's name off of the list, there was no error.

**7.—Same—Charge of Court—Murder in Second Degree.**

Where upon trial for murder the first part of the court's charge instructed the jury that the defendant had a right to go to the scene where the homicide

occurred for the purpose of stopping trouble, and the second clause of the charge instructed the jury that the defendant had no right to go there and raise a difficulty, there was no error.

### 8.—Same—Charge of Court—Murder in Second Degree.

Where upon trial for murder the court instructed the jury that if defendant entered into the quarrel with the intention to kill deceased, or to inflict on him some serious injury and continued to press the difficulty until he shot deceased, he would be guilty of murder in the second degree, there was no error.

### 9.—Same—Charge of Court—Manslaughter—Transport of Passion.

Upon trial for murder where the court charged the jury th t they could find defendant guilty of manslaughter only in the event that the killing was done in a sudden transport of passion, such charge did not impose too great a burden on defendant. Following Waters v. State, 54 Texas Crim. Rep., 322.

### 10.—Same—Charge of Court—Murder—Manslaughter.

Upon trial for murder where the evidence showed that the defendant either intended to kill the deceased or to commit a battery upon him; and the court instructed the jury if defendant provoked the difficulty with intent to kill, it would be murder, and if he provoked it with intent to commit simple battery, it would be manslaughter, there was no error.

### 11.—Same—Charge of Court—Sufficiency of the Evidence.

Where upon trial for murder the court's general charge presented all the law of the case in a proper manner, and contained all requested charges applicable to the facts; and the evidence clearly supported the verdict of murder in the second degree, there was no error.

Appeal from the District Court of Marion. Tried below before the Hon. P. A. Turner.

Appeal from a conviction of murder in the second degree; penalty, seven years confinement in the penitentiary.

The opinion states the case.

*Moore, Park & Birmingham, S. P. Jones, J. H. Benefield* and *W. T. Armistead,* for appellant.—On question of continuance: Miller v. State, 18 Texas Crim. App., 232; Parker v. State, 18 Texas Crim. App., 72; Irvine v. State, 20 Texas Crim. App., 12; Hyden v. State, 31 Texas Crim. Rep., 401, 20 S. W. Rep., 764; Bice v. State, 51 Texas Crim. Rep., 133, 100 S. W. Rep., 949. On the question of charge on manslaughter: Casey v. State, 51 Texas Crim. Rep., 433, 19 Texas Ct. Rep., 351. On question of court's charge of murder in the second degree, self-defense, etc.: Cravens v. State, 19 Texas Ct. Rep., 304; Bice v. State, 51 Texas Crim. Rep., 133; 19 Texas Ct. Rep., 61. On question of disqualification of juror: Spear v. State, 16 Texas Crim. App., 98; Stagner v. State, 9 Texas Crim. App., 440. On question of imperfect right of self-defense: McMahon v. State, 46 Texas Crim. Rep., 540, 81 S. W. Rep., 296; Helard v. Com., 84 S. W. Rep., 329; Partlow v. State, 4 S. W. Rep., 15.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of murder in the second degree, and his punishment assessed at seven years confinement in the penitentiary.

The former appeal of this case will be found in 51 Texas Crim. Rep., 133, 19 Texas Ct. Rep., 61; also 100 S. W. Rep., 949.

When the case was called for trial, appellant presented an application for continuance for want of the testimony of Dew Gully and William Jackson, both of whom reside in Harrison County. As stated in former opinion in this case, the homicide occurred in Harrison County, and the venue was changed to Marion County, where the former trial took place and also this trial. For the facts pertaining to the homicide see former opinion.

Appellant insists that the application for continuance now relied upon as cause for reversal is the second application. This is not correct. It is the third application. The case was continued in the first instance by appellant. In the second instance he presented application for continuance for want of the witnesses now relied upon for same, which continuance was overruled by the trial court, and this court reversed same in part because of said ruling. Failure to get a continuance at the first trial would not make this the second application. In other words, the failure to get a continuance does not change the fact that the application is made. It is the application for continuance that controls the matter and not the fact of same being granted. The court appends to the bill of exceptions reserved to the overruling of the application the following statement: "Alex Galloway appeared in a few minutes after the motion was overruled and. testified on the trial. James Turner did not appear, but both parties excused him, and agreed to use his evidence taken on the first trial, which was done. This case was called for trial first time in this court at January term, 1906, and was continued on written application of defendant for want of evidence of Dew Gully and Will Jackson. At June term of said court, 1906, the defendant made a second application for continuance for same two witnesses. It was overruled, and the case was tried, and defendant convicted, and appealed. January term, 1907, the appeal was still pending. In March, 1907, it was reversed and remanded. At June term, 1907, the third application for continuance for these two witnesses was made and overruled. Will Jackson is a negro, and not a witness in the case ever saw him at the place of the killing or near it." The explanation of the court answers any suggestion of merit in appellant's insistence that he desires Will Jackson's testimony. Dew Gully, the record shows, is a nephew of appellant. His mother lives in Marshall, Harrison County, where the homicide occurred. That he is a dutiful, industrious boy, who constantly contributed to the support of his mother. And yet this application for continuance shows that immediately after the homicide he disappeared from the county, and has been roving about the country with appellant unable to

locate him. This statement does not appear reasonable. It is true appellant attaches to the application for continuance the depositions of the witness' mother, which, in substance, show that she did not know at the time of answering where the witness was. Her testimony clearly convinced this court that there has been a studious effort to secrete the witness in order to secure continuances. This phase of the matter at the time we wrote the former opinion did not suggest itself to our minds, and in fact was not apparent like the present record discloses. Furthermore, this being a third application, the testimony of the witness is cumulative of other testimony in the record save and except in those particulars that the same becomes immaterial in the light of this record. The third application is addressed to the sound discretion of the court. We do not believe the court abused his discretion in overruling this application as viewed in the light of motion for new trial. There does not appear any reasonable probability that the presence of the witness Gully can be secured by reversal of this case. The application shows that appellant has written letters to various and sundry sheriffs searching for the witness. The application further shows that immediately after the homicide was committed the witness was also indicted for this homicide, but his case was dismissed, and, thereupon, appellant continued his case. There is nothing in the record to show that the witness was not there then, but everything to indicate that he was. The homicide occurred on the 12th day of June, 1905. No effort was made to attach him. So, we hold that the court did not err in overruling the application for continuance.

Bill of exceptions No. 2 complains that the court erred in forcing appellant to take the juror Lee Waddell, because said juror was disqualified. The juror testified that he did not know anything of the facts of the case; did not know the deceased; never heard the case tried; never heard there was such a case. The following question was propounded to said juror: "Suppose you are accepted as a juror, in making up your verdict, after you hear all the testimony, and the charge of the court, would you be governed exclusively and alone by that testimony that you hear from the witness stand, sworn to, and the charge of the court, or, is there some outside influence that would influence you? No, sir; if I should be selected on the jury, I would be bound to render a verdict according to the evidence, the facts in the case, regardless of opinions I have had heretofore. Would that opinion you had have any weight with you on earth? I think not." The juror said further that he thought he could try the case impartially. This, in substance, is the bill presenting this matter. While the bill shows that the juror had an opinion, yet the substance of same shows that he would and could lay the same aside and give the defendant a fair and impartial trial. We think the juror was clearly qualified. Furthermore, we find that

the bill discloses the fact that this juror's name was furnished as a talesman and four or five jurors were qualified, and a list of five jurors was given to appellant and the State to strike from; that neither the State nor the defendant marked the juror's name off of the list. There certainly could be no error under this fact.

Appellant's third ground of the motion for a new trial complains that the court erred in defining murder in the second degree. Appellant objects to the following paragraph of the court's charge: "On the other hand, I charge you that he would have no right to go to said brass foundry for the purpose of raising a row or difficulty, or for the purpose of avenging any wrong; that he might think that said Ed Noble or any of said other persons had done his said nephew." The first part of the charge informed the jury that he had a right to go to the foundry for the purpose of stopping trouble, and the clause complained of is the converse of the first clause and is correct.

The fifth ground of the motion complains that the court erred in telling the jury that if defendant entered into the quarrel, with the intention to kill Noble, or to inflict on him some serious injury and continued to press the difficulty until he shot Noble, that he would be guilty of murder in the second degree, because there is no evidence to authorize said charge. The former opinion of this court settles this question against appellant.

The sixth ground of the motion complains that the court erred in defining the offense of manslaughter, in requiring that the killing must have been in a sudden transport of passion which is more onerous on defendant than required by law. The decisions of this court have frequently called attention to the propriety of giving this clause in a charge on manslaughter, but it certainly could not have injured appellant in this case, since the difficulty was sudden and the facts show clearly that appellant first struck at deceased, and deceased retreated; then deceased secured a spade and was in the act of striking appellant with same at the time the shot was fired. Even if subject to verbal criticism, it was not calculated to injure the rights of appellant. Article 723 of the Code of Criminal Procedure says this court shall not reverse any case unless the error is calculated to injure the rights of appellant.

The seventh ground of the motion complains that the court erred in telling the jury that defendant would be guilty of manslaughter, if he pursued the deceased with the intent only to commit a battery on him because if the defendant under the circumstances stated in said paragraph, pursued deceased with a less intent than to take his life, he would be guilty of no higher degree of homicide than manslaughter. This is hypercritical. There is no evidence in the record that he intended to do otherwise than one of two things; either to commit a battery on him or to kill him; and the court told the jury if he provoked the difficulty with intent to kill it would

be murder, and if he provoked it with intent to commit a simple battery on him, it would be manslaughter. This was correct.

The eighth and ninth grounds of the motion complain of the charge, and are in substance the same as the seventh ground.

The tenth ground complains that the court erred in refusing a special charge asked by appellant, which charge was, in substance, given by the court. We have carefully reviewed all of appellant's special charges in the light of the court's general charge, and must say that the charge aptly and properly presents all the law as suggested in the original opinion to the jury in a proper manner, and there are none of appellant's special charges applicable to the facts of this case that were not given in the main charge. The court charged on murder in the second degree, both phases of the imperfect right of self-defense, and the perfect right of self-defense fully. These are all the phases of the law of homicide presented by this record.

The evidence in the case clearly supports the verdict and the judgment is in all things affirmed.

*Affirmed.*

ON REHEARING.

March 17, 1909.

BROOKS, JUDGE.—This case comes before us on motion for rehearing.

Appellant in his motion criticises the fact that we stated in the original opinion that the evidence "clearly convinces this court that there has been a studious effort to secret the witness Dew Gully in order to secure continuance." Appellant was indicted in August, 1905, and the trial took place on June 25, 1907. It is quite apparent from an inspection of the record, as stated in the original opinion, that this witness was absent with the connivance and consent of his mother and appellant, and this suggestion is not controverted, to our minds, by the filing now in this court of the affidavit of the witness Dew Gully, in which affidavit he states that he is now residing in Deberry, Panola County, Texas. This affidavit can not be considered by this court as a part of any record, nor can we allude to same in discussing the application and the record before us, but it does lend to our minds additional reason for holding that he studiously avoided the trial until now.

The second ground of the motion complains that the court erred in holding that appellant claimed and insisted that the third application for continuance was only a second application. That appellant only contended that the third application should be considered as a second application. The opinion did not say what appellant was contending, but said in view of the fact that the second application had been overruled by the lower court and that this court

had held that said ruling was error, that this application thereby became a third application.

The fourth ground of the motion complains that this court erred in holding that the testimony of Dew Gully is cumulative. If it be conceded that this is true, still the motion for rehearing should not be granted because of the first ground stated in overruling same, to wit: that there seemed to have been a studious effort on the part of appellant to keep the witness away from court, or at any rate the record clearly shows that there was no reasonable probability of securing the attendance of the witness by a continuance of the case at the time the application for continuance was made, nor was there, at the time the opinion in this case was written by this court, any reasonable expectancy of securing the attendance of the witness. The record in this case shows that the witness was related to appellant; his mother living in the town; that he had been a dutiful boy, always stayed at home, and knew his testimony was of vital concern to appellant in the trial of this case, and yet he leaves the country, and if the testimony of appellant be true, never communicated with him at any time or let him know where his whereabouts was, and yet the court was asked under such a statement to indefinitely continue this case in order that he might find the witness. After a review of this record we are now more than ever convinced that the application for continuance was without merit.

The fifth ground of the motion complains that the court erred in upholding the charge of the trial court wherein the trial court charged the jury that it could find appellant guilty of manslaughter, only in the event that the killing was done in a sudden transport of passion. That the charge imposed too great a burden on appellant. We apprehend that this contention is predicated upon the decision of this court in the case of Kannmacher v. State, 51 Texas Crim. Rep., 118, 101 S. W. Rep., 238. This decision on this point has been expressly overruled in the case of Waters v. State, 54 Texas Crim. Rep., 322, 114 S. W. Rep., 628.

We have anew carefully reviewed all of appellant's contentions in this case and must say that the original opinion is correct, and the motion for rehearing therefore is in all things overruled.

*Overruled.*