## L. W. CHAPMAN v. THE STATE.

### No. 1740.   Decided May 15, 1912.

**1.—Assault to Murder—Evidence—Exhibition of Wounds.**

Where, upon trial of assault to murder, it was admitted that defendant had shot prosecuting witness producing serious and dangerous wounds, it was reversible error to permit the prosecutor to be brought into court and exhibit his wounds to the jury, and permitting a physician to take the bandages off of said wounds and testify to the seriousness of the injury inflicted, etc.   Following Graves v. State, 58 Texas Crim. Rep., 42, and other cases.

**2.—Same—Jury and Jury Law—Officer of the Court.**

Jurors should not be selected from persons who are engaged in the discharge of duties as officers of the court; however, where the defendant had not exhausted his peremptory challenges, an objection that the juror was the deputy sheriff, etc., was not reversible error.

**3.—Same—Argument of Counsel—Bystander's Bill.**

Where the bystander's bill showed that defendant's counsel had argued the law to the jury as applied to the facts, and the court charged the jury that they would not consider any statement made by counsel to the jury as to what the law was, and that this was his answer to counsel's argument, the same was reversible error.

Appeal from the District Court of Rains.   Tried below before the Hon. R. L. Porter.

Appeal from a conviction of assault to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

O. H. Rodes and W. W. Berzett, for appellant.—On question of exhibiting wounds to jury:  Cole v. State, 45 Texas Crim. Rep., 225, and cases cited in opinion.

On question of excluding argument of counsel on the law of the case:  Patterson v. State, 60 S. W. Rep., 557; Laubach v. State, 12 Texas Crim. App., 583; Roe v. State, 25 id., 33; Reeves v. State, 34 Texas Crim. Rep., 483.

*C. E. Lane,* Assistant Attorney-General, for the State.—On question of accepting juror when defendant's challenges were not exhausted: Mingo v. State, 61 Texas Crim. Rep., 14, 133 S. W. Rep., 882.

DAVIDSON, Presiding Judge.—Appellant was convicted of assault to murder, his punishment being assessed at two years confinement in the penitentiary.

1. By bill of exceptions it is made to appear that while Dr. Faulk was testifying for the State the court permitted the injured party, J. H. Pettitte, to be brought into court and Dr. Faulk to undress said Pettitte, take the bandages off the wounds then on the body of said Pettitte and exhibit them to the jury, and permitted said Dr. Faulk to tell the jury how the witness was shot, meaning Pettitte, what kind and character of an operation was performed by him on said Pettitte for his relief, what course the bullet took in the body of said witness and the extent of the injury and the seriousness thereof to said witness. To which testimony and exhibition before the jury the defendant objected because he had, in open court, admitted that he, defendant, had shot said witness three times in the back with a pistol, and that each of said shots produced serious and dangerous wounds, and because said testimony could serve no good purpose in this cause, was prejudicial and injurious to the defendant's interest, and was introduced for the purpose of prejudicing the minds of the jury against defendant, and because there was no issue before the jury as to the extent of the injury or who produced it, the same having been admitted in open court, in the presence of the jury, by the defendant. These objections were all overruled and witness testified as stated, and made the exhibition of these wounds as above set out before the jury. The court qualified the bill, and states that the witness was testifying with reference to the nature and character of the wounds received by the injured party, and the injured party, who was in the courtroom, stood up by the doctor, and the doctor raised his shirt and pointed out the place of entrance of each bullet and the direction each bullet took. The court further says that there was no explanation of any operation performed by Dr. Faulk and nothing said or done except to point out the place of entrance of each bullet and explain the direction it took and the seriousness of the injury, etc. This testimony was inadmissible. For a case in point see Graves v. State, 58 Texas Crim. Rep., 42, and for cases deciding practically the same question on the exhibition of clothes see Cole v. State, 45 Texas Crim. Rep., 225; Christian v. State, 46 Texas Crim. Rep., 47; Melton v. State, 47 Texas Crim. Rep., 451; Crenshaw v. State, 48 Texas Crim. Rep., 77; Puryear v. State, 50 Texas Crim. Rep., 454; Lucas v. State, 50 Texas Crim. Rep., 219. Other cases might be cited, but these are sufficient. This testimony was of a prejudicial nature, and did not serve to elucidate any question. It

was admitted that appellant shot the deceased in the back after he had been knocked down by the assaulted party, who also had a knife in his hand at the time he assaulted appellant.

2. Another bill recites that one of the jurors, J. M. Gilley, was constable of precinct No. 5 of Rains County, and also had been a deputy sheriff, and had been acting as bailiff for the court during the term of the court at which appellant was tried, waiting on the court, and in charge of a jury in a felony case that was tried at that term. This juror was challenged for cause, because he was an officer of the court and not qualified as a juror under the circumstances. The bill recites that he was forced to accept this juror on the jury. The court qualifies this bill by stating that when defendant took this juror he had not exhausted his challenges, and the juror did not claim his exemption. Under the circumstances of the bill we deem it unnecessary to discuss it. The cause for challenge being overruled, appellant should have excused the juror peremptorily. The court certifies that he had not exhausted his peremptory challenges. While we have held in a case or two, under some circumstances, that this character of juror might not be objectionable, or sufficiently so, at least, to cause a reversal, we are of opinion that in cases as shown by this bill of exception such jurors ought not to be summoned on a jury. There are plenty of jurors who are not engaged in the discharge of duties as officers and actively engaged in assisting the State. The juror ought to be impartial. Jurors of this sort ought not to be selected by the sheriff to sit on juries under the circumstances here detailed.

3. Appellant prepared a bill of exceptions which the court qualified in such way he would not accept it, and prepared a bystanders' bill. By this bystanders' bill it is shown that appellant's counsel in arguing to the jury stated that it was the duty of the lawyer to tell the jury what the law is, and apply the law to the facts, and to assist them, if possible, in arriving at a correct verdict in the case, and after counsel had closed his argument the court stated to the jury that they would not consider any statement made by counsel to the jury as to what the law was, and it was not the duty of counsel to argue the law to the jury; that he was expecting something like this in this case, and that was his answer to counsel's argument in the case. Appellant objected to these remarks for various reasons. The court qualifies the bill as presented to him as follows: "This bill does not correctly state the facts, but the matters attempted to be complained of in this bill occurred in this manner: When Mr. Rodes, of counsel for defendant, was arguing this case before the jury, among other things, he stated that the jury should acquit the defendant, law or no law. He also stated that he was going to tell them what the law of the case was, regardless of whether the court charged them that way or not, and appealed to the jury to accept his interpretation of the law, regardless of the court's charge. When he

had finished his remarks, I stated to the jury that they were sworn to try the case under the law and evidence; that they had gotten the evidence from the witnesses, and that they would get the law by which they would be governed from the court. This is substantially what was said." The bystanders' bill is as above stated by appellant before the court qualified it. The bystanders state under oath that they were both practicing attorneys at the bar; that they were present while O. H. Rodes, one of the attorneys for the defendant, was making his argument to the jury, and heard what he said to the jury, and heard what the court stated to the jury after the said Rodes had closed his argument, and that the facts set out in appellant's bill of exceptions were true, and said bill correctly states what happened, and the things that were said by counsel and by the court, and that said Rodes then and there in open court excepted to the remarks of the court. Without going into a discussion of the matter, we want to say it is unfortunate that matters of this sort should occur in the trial of a case. While it may be true that the jury will receive the law from the court in the charge, still the Constitution guarantees every man when placed on trial under a charge of crime is entitled to be heard by counsel and himself, either or both, and this means a trial on the law and the facts. Counsel have a right to discuss legitimately everything connected with the case, whether of law or fact. It is depriving appellant of a valuable right when the jury is told that they shall not regard the argument of counsel, a right guaranteed under our government to every one accused of crime. The court shall charge the jury the law, and he may in the charge instruct the jury that they will receive the law from the court and apply it to the facts, but he is not authorized to inform the jury that they shall disregard and not consider the argument of counsel.

We are of opinion that the other matters complained of, none of which are very serious, will hardly occur upon another trial.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*