### HORN v. PRICE et al.   (No. 787.)

(Court of Civil Appeals of Texas. El Paso. Jan. 24, 1918.)

1. APPEAL AND ERROR ⊜1045(3)—HARMLESS ERROR—CHALLENGE TO JUROR.

Where a juror stated he had an opinion which it would take evidence to remove, but record does not show who the opinion favored, and he said he would disregard the opinion, and appellant did not take advantage of a peremptory challenge, there was no error in refusing a challenge for cause.

2. EXECUTION ⊜194(2)—CLAIMS OF THIRD PERSONS—EVIDENCE.

If a judgment debtor sold cattle belonging to claimant, and bought other cattle for claimant with the money, and these were levied on, a question to the execution debtor as to whether claimant owned cattle in the county was not objectionable as being too general as to time; time being immaterial.

3. EVIDENCE ⊜175—BEST AND SECONDARY—TAX ROLLS—OWNERSHIP OF CHATTELS.

Where judgment debtor was disclaiming ownership of property levied on, an objection, to a question as to whether he did not render the property in his own name, on the ground that the tax rolls were the best evidence, was erroneously sustained, because the tax rolls are not the best evidence.

4. EVIDENCE ⊜186(9) — BEST EVIDENCE—TAX ROLLS.

The rendition sheet is the best evidence of the fact of rendition, and not the tax rolls.

5. APPEAL AND ERROR ⊜692(1) — MATTERS REVIEWABLE—BILL OF EXCEPTIONS.

Where the bill of exceptions does not show what the answer would have been, no error is shown in the sustaining of an objection to evidence.

6. EXECUTION ⊜196—CLAIM OF THIRD PARTY—OWNERSHIP—QUESTION FOR JURY.

Evidence of a third party's claim to property levied on under execution *held* to take to the jury the question as to ownership.

7. EXECUTION ⊜194(1) — CLAIMANTS OF PROPERTY—BURDEN OF PROOF.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 7786, providing that the burden of proof is on one claiming property in the hands of a judgment debtor on which execution is levied, the fact that the judgment creditor was permitted to open and close did not shift the burden of proof, or entitle the court to place the burden on such creditor.

Appeal from District Court, Ector County; Chas. Gibbs, Judge.

Action by J. C. Horn against Ben Callison. Judgment for plaintiff. Levy under execution having been made, Tommie Price filed a claimant's bond. From judgment in favor of claimant, plaintiff appeals. Reversed and remanded.

Grisham & Grisham, of Sweetwater, T. F. Grisham, of Big Springs, W. P. Leslie, of Colorado, Tex., and Jerrell C. Babb, of Sweetwater, for appellant. Judkins & Murphy, of El Paso, for appellees.

HARPER, C. J.   J. C. Horn, having a valid judgment against appellee Callison and one Steen, caused alias execution to be issued to Ector county and served by the sheriff upon certain cattle, and Tommie Price filed claimant's bond, and this appeal is from a judgment in her favor entered upon the verdict of a jury in answer to special issues submitted.

[1] The first assignment urges that it was error for the court to refuse appellants' challenge for cause of a juror who stated that he had an opinion as to the merits of the case which it would take evidence to remove. There is nothing in the record to show which side his opinion favored. The qualification of the bill of exception by the trial judge recites that the juror stated, if taken, he would disregard the opinion and try the case according to the law and the evidence adduced upon the trial. It further recites that appellant had another peremptory challenge when this challenge for cause was made.

There was no error in refusing the challenge under such circumstances. Chapman v. State, 66 Tex. Cr. R. 489, 147 S. W. 580.

The following written agreement as to facts is contained in the statement of facts:

"(1) That the cattle involved in this suit were purchased by Ben Callison from W. T. Whittenberg and Fount Armstrong, and that the same were paid for by the personal check, or checks, of Ben Callison, ·drawn on the Midland National Bank of Midland Tex., given by Ben Callison and drawn by him on his individual account.

"(2) That Ben Callison never had but one account at said bank at any one time, and that said account was at all times in his individual name, and that said Callison drew checks on said account for his living and running expenses and for various and sundry expenses, and that said bank, nor no official thereof, was ever informed by said Callison, or any other person, that any part of said account was in any manner a trust fund, or that Tommie Price, or any other person, owned the same in whole or in part.

"(3) That Tommie Price has at no time had an account in said bank.

"(4) That during the fall of 1913 Ben Callison owed the Midland National Bank a note for about $400, secured by a chattel mortgage on certain cattle, other than those involved in this suit, and that he sold said cattle to J. R. Dublin, who paid off said note and delivered to Ben Callison the surplus after paying off said note, which surplus was placed to the credit of the individual account of Ben Callison in the aforesaid bank, and subsequently the said Callison purchased the cattle involved in this suit and paid for the same in part or whole by check, or checks, drawn upon said fund.

"(5) That, when Ben Callison purchased the cattle involved in this suit from Fount Armstrong and T. W. Whittenberg, he did not require or receive a bill of sale conveying said cattle, and that he, the said Ben Callison, has never made a bill of sale conveying said cattle to Tommie Price, or any other person.

"(6) That, when said cattle were levied upon by the sheriff of Ector county, they were in Ector county, Tex., and located upon the Slator ranch, and that Ben Callison had control and possession of said ranch and all stock located thereon, and that Tommie Price is the stepdaughter of Ben Callison, and lives with him."

The record further discloses that Tommie Price is the stepdaughter of defendant in attachment, Ben Callison; that during the time from eight years of age until marriage, from time to time, certain cattle had been given to her by different parties; they were taken in charge by said Callison and cared for with his cattle; that from time to time as he sold his cattle hers were sold also. It now being testified by said Callison that he had something over a thousand dollars which had come into his possession from such sales of her cattle, and that it was with this money these cattle in controversy were purchased for her. There is no evidence in the record that the stepdaughter knew of the purchase nor in any way consented to it or accepted the cattle as hers, she not having testified in the case. We also note that the claimant's bond is signed, her name, Tommie Price, by F. A. Judkins, attorney, so the issue is: Who became the owner of the cattle levied upon by reason of the purchase?

[2] The second assignment charges error in permitting witness Ben Callison to answer the question: "State whether or not Tommie Price had any cattle in Ector county." Answer was, "Yes." The grounds of objection being: The question was leading, was too indefinite, because it does not confine the knowledge of witness to the specific cattle involved in this transaction and does not fix the time of such ownership. Bearing in mind that the issue is, did Tommie Price have cattle which were sold by Callison and the proceeds invested for her, in the cattle in controversy, and whether the title to such cattle so purchased vested in her, the question and answer were not subject to the objection assigned, because the time she owned cattle is immaterial if she in fact owned cattle and the money paid for these were the proceeds of sale thereof. This disposes of the sixth, as it is to the same effect.

[3] The third assignment is that the court erred in sustaining the objection of defendant to the question to Callison: Did you not render this property in your own name? The reason for the objection is that the tax rolls are the best evidence. The proposition is that the evidence was intended for impeachment of the witness. The reason for the objection is not tenable. The original rendition sheet would show an affidavit as to the ownership, but the rolls would not, and he should have been required to answer· the question over such objection.

[4] The fifth is that the tax rolls were not admissible for defendant. The assignment is good; the rendition sheet is the best evidence of the fact of rendition.

[5] There is no merit in the fourth. The court sustained an objection to a question, and the bill of exceptions does not reveal what the answer would have been.

[6] The seventh is based upon the proposition that the court should have given a peremptory instruction for the plaintiff, appellant here. After a careful survey of the evidence, we conclude that the evidence is such as to require the court to submit the issue to the jury.

The ninth, being to the same effect, is overruled for the same reason.

[7] The eighth charges that it was error to place the burden of proof upon the appellant by the court's charge. Article 7786, Vernon's Sayles' Statutes of Texas, reads:

"If it [the property] was taken from the possession of the defendant in such writ or any other person than the claimant, the burden of proof shall be on the claimant."

And it is admitted that the defendant in· execution had possession of the cattle. It was therefore error to place the burden of proof upon appellant, and the fact that appellant was permitted to open and close the case would not shift the burden.

For the reasons assigned, the cause is reversed and remanded for a new trial.

WALTHALL, J., did not sit, being absent on committee of judges assisting the Supreme Court.

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes