## ALLBRIGHT et al. v. SMITH et al.
### (No. 891—4563.)

Commission of Appeals of Texas, Section B.
May 9, 1928.

1. **Jury ⬡97(4)—Bias sufficient to disqualify juror requires that opinion be such as to influence juror in returning verdict.**

Bias sufficient to disqualify juror requires that opinion will influence juror in returning verdict in the case, and juror testifying on voir dire that notwithstanding such opinion he could render a fair and impartial opinion based alone on law and evidence is legally acceptable juror.

2. **New trial ⬡144—As affects new trial, comment of juror after testimony is in and argument made will not indicate bias that might be implied from statement on voir dire.**

As affects new trial, comment of juror after all testimony has been introduced and argument of counsel made will not indicate a bias that might be implied had he made the same statements on his voir dire.

3. **New trial ⬡42(2)—Proof relative to bias of juror acquainted with one of parties to suit held insufficient within law disqualifying jurors for bias.**

Proof relative to bias of juror acquainted with one of parties to suit *held* insufficient to authorize grant of new trial, within meaning and contemplation of statute disqualifying jurors who have a bias in favor of party to action.

4. **Jury ⬡97(2)—Intimate acquaintance or friendly relations of juror to one of parties to suit is not sufficient basis for disqualification.**

The mere fact that a juror knows or is neighbor or intimate acquaintance of and on friendly relations with one of parties to suit is not sufficient basis for disqualification, or ordinarily even ground for challenge for cause.

Error to Court of Civil Appeals of Third Supreme Judicial District.

On rehearing. Reversed.

For former opinion see 288 S. W. 178. See, also, 279 S. W. 852.

I. J. Rice and Courtney Gray, all of Brownwood, and Critz & Woodward, of Coleman, for plaintiffs in error.

Jenkins, Miller & Harris, of Brownwood, for defendants in error.

LEDDY, J. The sole ground for the reversal of this cause by the Court of Civil Appeals (279 S. W. 852) was that it appeared from testimony offered on the hearing of a motion for new trial that Joe L. Carr, one of the jurors, was a close friend of and biased in favor of W. L. Futch and wife, who were parties to this suit.

The only evidence offered to sustain this ground of the motion for new trial was the testimony of Henry Buck, one of the jurors.

The entire testimony given by him is as follows:

"I was one of the jurors that tried this case about two or three weeks ago. I remember Mr. Carr who was on that jury. With reference to what Mr. Carr said as to his acquaintance or relations to Mr. Futch, about all I remember his saying was that he had known Mr. Futch for some time. I believe he said he had lived at Coleman and knew Mr. Futch pretty well and that he believed Mr. Futch knew what he was doing when he bought those lots; that he didn't believe Mr. Futch would have bought them if he hadn't thought the title was clear, and he didn't think there was any argument to it. The jury was out something like a day. As to whether or not in discussing the case Mr. Carr contended for Mr. Futch's standpoint all the time: According to the way he expressed himself, it was that he was very much in favor of Mr. Futch on account of knowing Mr. Futch like he did. I believe he said he had lived at Coleman possibly some two or three years and knew Mr. Futch well; that character of statements and arguments by him was when we first went into the jury room, and it was the same thing throughout our deliberation."

Cross-examination:

"Q. You don't mean to tell the court that Mr. Carr rendered a verdict or voted in favor of answering the question 'Yes' simply because he knew Mr. Futch and was a friend of Mr. Futch, do you? A. No; I did not say that."

The record discloses that each juror was examined on his voir dire, and on such examination denied having any bias or prejudice in favor of or against any of the parties to the suit.

It also appears that neither Futch nor his wife were used as witnesses upon the trial of this cause, as neither knew anything about the principal issue determined by the jury, which was whether notice of a sale under a deed of trust was published in a newspaper as required by law.

[1] The honorable Court of Civil Appeals seems to have predicated its conclusion that the juror Carr was shown to be biased in favor of Futch because of his statement, made during the deliberation of the jury, that he was well acquainted with Futch and had lived in the same town with him for a number of years; that he believed Futch knew what he was doing when he bought the lots in controversy; and that he did not believe he would have bought them if he had not thought the title was clear. It is asserted by that court that if the juror had so testified on his voir dire it would have shown him biased in favor of Futch to such an extent as to have disqualified him from serving on the jury. We are unwilling to accede to the correctness of this proposition. The belief of the juror in the respect indicated was only an opinion. In order to be sufficient to disqualify the juror it would have been neces-

⬡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

sary by further interrogation to show that such opinion was calculated to influence the juror in returning a verdict in the case, and if the juror had testified that notwithstanding such opinion he could render a fair and impartial verdict based alone upon the law and the evidence, he would have legally been an acceptable juror. Horn v. Price (Tex. Civ. App.) 200 S. W. 590; Bice v. State, 55 Tex. Cr. R. 529, 117 S. W. 163; Tellis v. State, 42 Tex. Cr. R. 574, 61 S. W. 717; Hamlin v. State, 39 Tex. Cr. R. 579, 47 S. W. 656; Sawyer v. State, 39 Tex. Cr. R. 557, 47 S. W. 650; Bratt v. State (Tex. Cr. App.) 41 S. W. 624.

[2] It must be borne in mind that the juror's statement that he believed Futch knew what he was doing when he bought the lots was made after all the testimony had been introduced and the argument of counsel made. A comment of the juror at that time would not indicate a bias that might be implied had he made the same statement on his voir dire.

In a large percentage of the cases tried in the district courts a number of the jurors are acquainted with the character and business ability and judgment of the parties to a suit, and it is impossible, in the very nature of things, that such knowledge can be completely eradicated from a juror's mind. The evident purpose of the law in giving each party to a suit a given number of peremptory challenges, which may be exercised without assigning any reason therefor, is to enable him to strike from the jury those whom he may believe might be influenced to some extent by their knowledge of the character of or their friendship for the adverse party to the suit.

[3] We are of the opinion that the statement relied upon by the Court of Civil Appeals is wholly insufficient to show that the juror was biased within the meaning and contemplation of the statute disqualifying jurors who have a bias in favor of a party to a suit. Likewise we believe that the remaining portion of the testimony of the witness heard in support of the motion for new trial is not sufficient to show that the juror was biased. The statement made by the witness, in referring to the juror Carr, "according to the way he expressed himself," clearly indicates that the subsequent statement of the witness in regard to such juror was a mere conclusion drawn by him from the fact that the juror stated that he was well acquainted with Futch, and the further fact that he persistently argued that the special issue submitted by the court should be answered favorably to Futch's contention in the suit. We believe the juror's testimony, fairly construed, does not mean that the juror Carr stated that he was in favor of answering the question in Futch's favor simply because he was acquainted with him. In fact, we think it appears that the witness acquits the juror of any such improper motive, as on cross-examination the question was propounded to him: "You don't mean to tell the court that Mr. Carr rendered a verdict or voted in favor of answering the question 'Yes' simply because he knew Mr. Futch and was a friend of Mr. Futch, do you?" To which he answered: "No; I did not say that." If as a matter of fact the witness meant to swear that the juror in question had stated he was in favor of returning a verdict in favor of Futch because of his acquaintance with him, he would have been compelled to have answered the question asked on cross-examination in the affirmative.

We are unwilling to establish the rule that if a juror, during the deliberation of the jury, states that he is well acquainted with one of the parties to the suit and argues insistently in favor of returning a verdict in favor of such party that this is of itself sufficient to show such bias as to disqualify him under the statute. If such were the rule we apprehend it would be necessary to grant many new trials, and this would be especially true in the lesser populated counties where practically all of the jurors are usually well acquainted with one or more of the parties to a suit.

[4] The mere fact that a juror knows, or is a neighbor, or an intimate acquaintance of, and on friendly relations with, one of the parties to a suit, is not sufficient basis for disqualification, or ordinarily even ground for challenge for cause. Makey v. Dryden (Tex. Civ. App.) 128 S. W. 633; 35 C. J. p. 332, § 356.

We think the other questions in the case were correctly determined by the Court of Civil Appeals, and as it found no reversible error except the one discussed, we recommend that its judgment be reversed and the judgment of the trial court affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed, and judgment of the district court affirmed.