LEM RUNNELS v. THE STATE.

No. 12696.   Delivered June 27, 1929.

The opinion states the case.

*Oltorf & Oltorf* of Martin, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for assault to murder; punishment, five years in the penitentiary.

From the State's standpoint the facts show that appellant was drinking and boisterous at a church and when remonstrated with by the injured party appellant with a pistol shot said party. Bill of exceptions No. 2 shows that after testifying that appellant shot him, and pointing out where the bullet entered and came out, prosecuting witness was asked to show the jury where he was shot, and that he opened his shirt and exhibited to them the wounds made by the entry and exit. Neither in the bill nor elsewhere in the record do we find any description of the scars, or any suggestion that same were of such appearance as was calculated to inflame the minds of the jury or arouse their sympathy, or create a feeling of prejudice. The objection made was that a physical exhibition of the wounds only tended to add unnecessary color to the prosecution and was damaging to the defendant. The bill of exceptions also contains the following statement: "There was no controversy between the State and the defendant as to the location of the wounds or the range of the shot." The shooting took place early in November 1928, and the trial was in February 1929, and as far as this record shows, the places where the bullet entered and came out were entirely healed. Appellant's proposition here, based on said bill of exceptions, is that regardless of the character of the wounds, the mere fact of such exhibition of same in a case like this would compel a reversal. We have examined a number of authorities and elementary text writers. Evidence of this character is unquestionably demonstrative evidence, and we see no reason why in a proper case it might not be resorted to by the State directly in making out its proof of the truth of the charge against the accused that he shot the injured party. Newman v. State, 85 Texas Crim. Rep. 558, seems to be a leading case on this subject. The scars exhibited to the jury in that case are stated in the opinion to be of such nature as to indicate that the wounds were serious, and same were described as ugly and uncomely in appearance, and it was held in that case that it was error to exhibit same to the jury. In Chapman v. State, 147 S. W. Rep. 580, the facts show that a doctor took the bandages off the wounds of the injured party in the jury's presence, exhibited the wounds to the jury, explained the kind of operation performed on said party, etc., etc. This was held improper and justly so. In Mahaney v. State, 95 Texas Crim. Rep. 446, it was held that the bill having failed to describe the wound, and it being permissible under some circumstances to exhibit wounds to the jury, it was incumbent upon the accused to show by recitals in the bill of

exceptions that the conditions surrounding the introduction of the testimony in the particular case must be such as to show same inadmissible. In Trigg v. State, 269 S. W. Rep. 782, the admission of the coat worn by deceased in that case was upheld, and it is substantially stated in the opinion that the State in making out its case may prove the fact of death or the infliction of wounds in any order that it sees fit, and that this might be begun by the introduction of the garments with bullet holes in them. In a case such as the one before us we are unwilling to agree that the introduction of such scars without any showing that they are of such nature or character as might reasonably appeal to the sympathy of the jury, or inflame their minds, or prejudice the cause of the accused,— presents reversible error.

We think the bill of exceptions complaining of the fact that the court sustained objections to a question by appellant's counsel to the prosecuting witness if he went to church for the good of his soul, is without merit. The question appears wholly irrelevant.

We think the testimony of the sheriff that when he arrested appellant on the night of the alleged assault that he was drunk, was competent and in corroboration of the testimony of other State witnesses that appellant was drinking and boisterous at the time of the shooting. Appellant's witnesses denied that he was under the influence of intoxicating liquor at the time of the assault.

Bill of exceptions No. 5 presents no error, and shows that in view of appellant's testimony regarding his past life offered in support of his application for suspension of sentence, the State's cross-examination of the witness Freeman relative to appellant having been prosecuted in Robertson county for assault to murder, was not improper. In line with what we said above, it was permissible for the State to prove at the time of appellant's arrest he had a bottle of whisky in his car.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*