**Benny George BARRINGTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 58439.**

Court of Criminal Appeals of Texas, Panel No. 3.

Jan. 23, 1980.

Rehearing Denied March 5, 1980.

Thomas Rocha, Jr., San Antonio, for appellant.

Bill M. White, Dist. Atty., Eldridge D. Ryman and Monica L. Donahue, Asst. Dist. Attys., San Antonio, Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, PHILLIPS and DALLY, JJ.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for murder. Punishment was assessed at life imprisonment.

In two grounds of error, appellant attacks the failure of the trial court to grant his motions for a mistrial. The first such ground of error is directed to the trial court's action in overruling his "motion for mistrial when it was brought to the court's attention that several jurors were discussing the case before they retired for deliberation." The second assignment of error complains of a like ruling after it was shown that certain jurors had read a newspaper containing an "article about the case." He also assigns as error the excusing of a venirewoman for cause and attacks the inclusion of an enhancement paragraph on the ground that the underlying conviction was not final. We affirm.

■ During the guilt/innocence phase of the trial, appellant's co-counsel, Louis Rosenberg, testified that he had overheard at least five jurors discussing the case in the hallway of the courtroom. The witness testified that "one of the men made a comment about Vicente Moreno (the deceased)." Appellant's other trial counsel moved for a mistrial, whereupon the court asked:

"Are you going to offer any other evidence?

"MR. ROCHA (Appellant's Counsel): Well, he (Rosenberg) has got to identify them for me so I can ask them questions as to what discussions, if any, they were having as to whether or not any precautionary measures from the bench would cure the error. I don't know what they were discussing, but obviously they were discussing the case.

"THE COURT: All right. You may go out in the hall with the bailiff and bring in whoever was talking.

"MR. ROSENBERG: All right, sir.

"MR. ROCHA: All five or one?

"THE COURT: He said he heard one man say something.

"MR. ROCHA: Would you point out to the bailiff or bring him in with you whichever ones you heard talking?

"MR. ROSENBERG: All right.

"THE COURT: I just want one."

At this point, the juror identified as the one who had mentioned the deceased's name was brought to the witness stand. He testified:

"We just talked, not about the case, just about the evidence and how it should be, how are we going to get it and that either we put it together or take it up individually."

After further questions, the responses to which indicated that the juror and some four or five others had been discussing the evidence, appellant's counsel moved for a mistrial because of jury misconduct. The court refused to permit appellant to question any of the other jurors, to which ruling appellant duly excepted.

In support of his ground of error, based on jury misconduct, appellant advances the argument that harm appears from the failure of the trial court to permit him to

question each of the jurors. Appellant is thus shown to have amalgamated two distinct grounds of error. Neither, however, is properly preserved for review. Appellant made no effort, either at the time of his motion for a mistrial or at the time of his motion for a new trial, to show in what way he had been harmed. The hearing on appellant's motion for a new trial consumes less than half a page of the record. No evidence was introduced in support of appellant's contention that jury misconduct had taken place. See V.A.C.C.P., Article 40.03(8). Appellant's first ground of error is overruled.

■ In his second ground of error, appellant complains of the failure to grant a "mistrial when it was brought to the court's attention that several jurors had read and discussed a newspaper article about the case." This motion was made and overruled before the jury retired to deliberate on punishment. After the jury returned a unanimous verdict of life imprisonment, appellant was permitted to make a bill of exception.

The juror Moses R. Gonzales admitted that he had had in his possession a copy of the San Antonio Express, a daily newspaper, which contained an article about the trial. He testified that he had read part of this article but that it did not "stay on (his) mind." Juror Lopez testified that he had been handed the newspaper by Juror Gonzales. Gonzales and Lopez each testified that his reading the article had not influenced his verdict. Mr. Lopez was unable to remember at what stage of the trial he had read the paper and in response to a question by the court as to whether his reading the paper had affected his verdict in either stage of the trial, he answered, "No. It didn't. I was more interested in the sports page than anything else." The trial court then asked:

"Mr. Gonzales, the same for you?

"MR. GONZALES: Right. And I was also looking at the Bell Telephone scandal.

"THE COURT: I think that is what most people are looking at."

In *Broussard v. State*, 505 S.W.2d 282, 284 (Tex.Cr.App.1974), we stated:

"While it is the better practice that the jury during the trial of the case be told not to listen to or view accounts of the trial, such becomes reversible error only when the accused is injured or prejudiced thereby."

In the instant case, the required showing of harm to mandate reversal does not appear. The second ground of error is overruled.

■ In his third ground of error, appellant complains that the trial court should have excused for cause the juror Haley. The record reflects that appellant accepted this juror even though she stated that "it would be more difficult for (her) to arrive at a verdict if the defendant did not testify."

Appellant should have, if Juror Haley were objectionable to him, exercised his right to peremptorily challenge her. As was held in a prior opinion of this Court, "He will not be permitted to sit quietly in the court room after the court overruled his challenge for cause, accept the juror, and later complain thereof without showing any reason for not having exercised a peremptory challenge. (Citations omitted)." *Lopez v. State*, 152 Tex.Cr.R. 562, 216 S.W.2d 183, 185 (1948). See *Chapman v. State*, 66 Tex. Cr.R. 489, 147 S.W. 580, 581 (1912). Accordingly, we overrule appellant's third ground of error.

■ Finally, appellant complains that a conviction used for enhancement was not a final conviction and "should not have been used for enhancement purposes inasmuch as there was nothing in the record to show that appellant had voluntarily waived his right to appeal said conviction." No such showing was required to establish the validity of appellant's prior conviction. The record reflects only that appellant prosecuted no appeal. There is no suggestion that he was in any way prevented from so doing. This ground of error is without merit and is, accordingly, overruled.

The judgment of the trial court is affirmed.