COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-283-CR

 

 

EDDIE W. JEFFREY                                                              APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 396TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








A jury convicted Appellant on two counts of
aggravated robbery with a deadly weapon, and the trial court sentenced him to
seventy-five years= confinement on each count, with
the sentences to run concurrently.  In
three points, Appellant contends that the trial court erred by not charging the
jury on the lesser included offense of robbery and abused its discretion by
denying his motion for new trial. 
Because we hold that the trial court did not err, we affirm the trial
court=s
judgment.

In his first point, Appellant contends that for
each count, the trial court erred by denying his request for a lesser included
offense instruction on robbery. 
Appellant does not point to any evidence that a robberyCrather
than an aggravated robberyCoccurred
of Teddy McLaughlin, the complainant in Count One.  Rather, Appellant contends that the evidence
is unclear regarding who shot complainant and when.








As Appellant=s brief
recites, both witnesses, McLaughlin and Robert Russell, testified that
Appellant shot McLaughlin with a gun. 
Our review of the record shows that Russell testified that he saw
Appellant point a gun at McLaughlin in a park and heard the gunshot.  Russell also testified that after Appellant
shot McLaughlin, Appellant drove off in a blue car that Russell believed
belonged to McLaughlin.  McLaughlin
testified that he was sitting on a bench in the park and that Appellant grabbed
his keys before shooting him.  Afterward,
Appellant drove off in McLaughlin=s dark
greenish blue 1995 Oldsmobile Cutlass Sierra. 
Both witnesses identified Appellant in court as the shooter.  Because there was no evidence from which the
jury could rationally find that Appellant was guilty, if at all, of only
robbery of McLaughlin and not aggravated robbery, we hold that the trial court
properly denied the requested jury instruction as to Count One.[2]


Similarly, Appellant points to no evidence that a
robberyCrather
than an aggravated robberyCoccurred
of Clayton Holyfield, the complainant in Count Three.  Instead, relying only on the testimony of
Josh McClanahan, Appellant contends that the evidence shows that Holyfield was
robbed but that it is unclear when and by whom.








Holyfield testified that he was using his father=s 2003
white GMC truck to help a friend move. 
He was sitting in a parking space at an apartment complex with the truck=s engine
running.  An older model sedan drove up
next to him.  The driver sat in his car a
few seconds and then got out, leaving Holyfield=s field
of vision.  All of a sudden, the truck=s driver=s side
door opened, and the man was standing there with a gun drawn on Holyfield.
Holyfield testified that the gunman told him, A[G]et
the fuck out of the truck, leave everything in the car, I=ve
already shot someone today, [and] I will shoot you,@ and
Holyfield stated that he believed that he repeated Aalmost a
hundred percent accurate words@ of the
gunman.  Holyfield also testified that he
was scared.  The gunman left immediately
in the truck.

Holyfield=s
friend, McClanahan, testified that he saw the driver of a blue Oldsmobile get
out of the car and pull a gun on Holyfield. 
McClanahan saw Holyfield get out of the white truck and the robber get
in the truck and drive off.  Neither
young man could identify Appellant as the robber.  Both testified that the gunman was alone.

Officer W. E. Spakes of the Fort Worth Police
Department testified that from the information Holyfield gave him at the scene,
that is the description of the gunman=s
tattoos and clothing, and from his own observations of the car, he believed
that the perpetrator was the same person involved in the earlier aggravated
robbery.  Officer James Alex pursued the
truck later that day and arrested the driver, Appellant, after he crashed the
truck into a brick wall. Another officer found a gun on the driver=s
floorboard of the truck.  Holyfield
testified that the gun looked like the gun used in the aggravated robbery.

There was no evidence in jail records that
Appellant=s passenger at the time of the
crash had any tattoos.








Because there was no evidence from which the jury
could rationally find that Appellant was guilty, if at all, of only robbery of
Holyfield and not aggravated robbery, we hold that the trial court properly
denied the requested jury instruction as to Count Three.[3]  We overrule Appellant=s first
point.

In his second point, Appellant contends that the
trial court erred by denying his motion for new trial based on jury
misconduct.  In his third point,
Appellant contends that the trial court erred by denying his motion for new
trial based on an alleged Brady violation.[4]  The specific record citations that Appellant
provides in his brief are to denials of his motions for mistrial.  In the interest of justice, we therefore
treat these points as complaints about the denials of motions for mistrial.

After deliberations began, a juror informed the
trial court that several of the jurors had been looking at a Fort Worth city
map and discussing the case at a bus stop. 
Some jurors testified in chambers that they were looking at the map to
determine if a person could have committed both crimes within the time frame.  Some jurors testified in chambers that they
were trying to find where the crimes took place.  All of the jurors involved stated that the
incident would have no effect on their deliberations.  The trial court denied Appellant=s motion
for mistrial.








Based on the law and our review of the record, we
cannot say that the trial court abused its discretion in denying a mistrial
based on what the court viewed as a minimal, unintentional violation of its
instructions, if a violation at all, when the jurors testified that the
incident would have no effect on their deliberations.[5]  We overrule Appellant=s second
point.

Regarding the Brady violation allegation,
the evidence that Appellant contends he should have received before trial, a
fingerprint report that says Ano
prints of value were obtained,@ is not
evidence favorable to the accused.[6]
Accordingly, the trial court did not abuse its discretion by denying Appellant=s motion
for mistrial.  We overrule his third
point.

Having overruled Appellant=s three
points, we affirm the trial court=s
judgment.

 

PER CURIAM

PANEL F:  DAUPHINOT, J.; CAYCE,
C.J.; and LIVINGSTON, J.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED:  February 28, 2008











[1]See Tex. R. App. P. 47.4.





[2]See Tex. Code Crim. Proc. Ann. art. 37.09 (Vernon 2006); Hall v. State, 225
S.W.3d 524, 528, 536 (Tex. Crim. App. 2007); Moore v. State, 969 S.W.2d
4, 8 (Tex. Crim. App. 1998).





[3]See Tex. Code Crim. Proc. Ann. art. 37.09; Hall, 225 S.W.3d at 528, 536; Moore,
969 S.W.2d at 8.





[4]Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194 (1963).





[5]See Barrington v. State, 594 S.W.2d 88, 90 (Tex. Crim. App. 1980).





[6]See Butler v. State, 736 S.W.2d 668, 670B71 (Tex. Crim. App. 1987).