COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-283-CR

EDDIE W. JEFFREY APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury convicted Appellant on two counts of aggravated robbery with a deadly weapon, and the trial court sentenced him to seventy-five years’ confinement on each count, with the sentences to run concurrently.  In three points, Appellant contends that the trial court erred by not charging the jury on the lesser included offense of robbery and abused its discretion by denying his motion for new trial.  Because we hold that the trial court did not err, we affirm the trial court’s judgment.

In his first point, Appellant contends that for each count, the trial court erred by denying his request for a lesser included offense instruction on robbery.  Appellant does not point to any evidence that a robbery—rather than an aggravated robbery—occurred of Teddy McLaughlin, the complainant in Count One.  Rather, Appellant contends that the evidence is unclear regarding who shot complainant and when.

As Appellant’s brief recites, both witnesses, McLaughlin and Robert Russell, testified that Appellant shot McLaughlin with a gun.  Our review of the record shows that Russell testified that he saw Appellant point a gun at McLaughlin in a park and heard the gunshot.  Russell also testified that after Appellant shot McLaughlin, Appellant drove off in a blue car that Russell believed belonged to McLaughlin.  McLaughlin testified that he was sitting on a bench in the park and that Appellant grabbed his keys before shooting him.  Afterward, Appellant drove off in McLaughlin’s dark greenish blue 1995 Oldsmobile Cutlass Sierra.  Both witnesses identified Appellant in court as the shooter.  Because there was no evidence from which the jury could rationally find that Appellant was guilty, if at all, of only robbery of McLaughlin and not aggravated robbery, we hold that the trial court properly denied the requested jury instruction as to Count One.
(footnote: 2) 

Similarly, Appellant points to no evidence that a robbery—rather than an aggravated robbery—occurred of Clayton Holyfield, the complainant in Count Three.  Instead, relying only on the testimony of Josh McClanahan, Appellant contends that the evidence shows that Holyfield was robbed but that it is unclear when and by whom.

Holyfield testified that he was using his father’s 2003 white GMC truck to help a friend move.  He was sitting in a parking space at an apartment complex with the truck’s engine running.  An older model sedan drove up next to him.  The driver sat in his car a few seconds and then got out, leaving Holyfield’s field of vision.  All of a sudden, the truck’s driver’s side door opened, and the man was standing there with a gun drawn on Holyfield. Holyfield testified that the gunman told him, “[G]et the fuck out of the truck, leave everything in the car, I’ve already shot someone today, [and] I will shoot you,” and Holyfield stated that he believed that he repeated “almost a hundred percent accurate words” of the gunman.  Holyfield also testified that he was scared.  The gunman left immediately in the truck.

Holyfield’s friend, McClanahan, testified that he saw the driver of a blue Oldsmobile get out of the car and pull a gun on Holyfield.  McClanahan saw Holyfield get out of the white truck and the robber get in the truck and drive off.  Neither young man could identify Appellant as the robber.  Both testified that the gunman was alone.

Officer W. E. Spakes of the Fort Worth Police Department testified that from the information Holyfield gave him at the scene, that is the description of the gunman’s tattoos and clothing, and from his own observations of the car, he believed that the perpetrator was the same person involved in the earlier aggravated robbery.  Officer James Alex pursued the truck later that day and arrested the driver, Appellant, after he crashed the truck into a brick wall. Another officer found a gun on the driver’s floorboard of the truck.  Holyfield testified that the gun looked like the gun used in the aggravated robbery.

There was no evidence in jail records that Appellant’s passenger at the time of the crash had any tattoos.

Because there was no evidence from which the jury could rationally find that Appellant was guilty, if at all, of only robbery of Holyfield and not aggravated robbery, we hold that the trial court properly denied the requested jury instruction as to Count Three.
(footnote: 3)  We overrule Appellant’s first point.

In his second point, Appellant contends that the trial court erred by denying his motion for new trial based on jury misconduct.  In his third point, Appellant contends that the trial court erred by denying his motion for new trial based on an alleged 
Brady
 violation.
(footnote: 4)  The specific record citations that Appellant provides in his brief are to denials of his motions for mistrial.  In the interest of justice, we therefore treat these points as complaints about the denials of motions for mistrial.

After deliberations began, a juror informed the trial court that several of the jurors had been looking at a Fort Worth city map and discussing the case at a bus stop.  Some jurors testified in chambers that they were looking at the map to determine if a person could have committed both crimes within the time frame.  Some jurors testified in chambers that they were trying to find where the crimes took place.  All of the jurors involved stated that the incident would have no effect on their deliberations.  The trial court denied Appellant’s motion for mistrial.

Based on the law and our review of the record, we cannot say that the trial court abused its discretion in denying a mistrial based on what the court viewed as a minimal, unintentional violation of its instructions, if a violation at all, when the jurors testified that the incident would have no effect on their deliberations.
(footnote: 5)  We overrule Appellant’s second point.

Regarding the 
Brady 
violation allegation, the evidence that Appellant contends he should have received before trial, a fingerprint report that says “no prints of value were obtained,” is not evidence favorable to the accused.
(footnote: 6) Accordingly, the trial court did not abuse its discretion by denying Appellant’s motion for mistrial.  We overrule his third point.

Having overruled Appellant’s three points, we affirm the trial court’s judgment.

PER CURIAM

PANEL F:  DAUPHINOT, J.; CAYCE, C.J.; and LIVINGSTON, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  February 28, 2008

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See 
Tex. Code Crim. Proc. Ann.
 art. 37.09 (Vernon 2006); 
Hall v. State
, 225 S.W.3d 524, 528, 536 (Tex. Crim. App. 2007);
 Moore v. State,
 969 S.W.2d 4, 8 (Tex. Crim. App. 1998).

3:
See 
Tex. Code Crim. Proc. Ann.
 art. 37.09; 
Hall
, 225 S.W.3d at 528, 536; 
Moore
, 969 S.W.2d at 8.

4:
Brady v. Maryland
, 373 U.S. 83, 83 S. Ct. 1194 (1963).

5:
See Barrington v. State
, 594 S.W.2d 88, 90 (Tex. Crim. App. 1980).

6:
See Butler v. State
, 736 S.W.2d 668, 670–71 (Tex. Crim. App. 1987).